Richard Sturtz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 22, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM OPINION, January 7, 1983:

Petitioner Richard Sturtz, a parole violator reincarcerated pursuant to conviction of an offense committed while on parole, has filed a petition for review of the actions of the Pennsylvania Board of Probation and Parole in connection with the revocation of his parole and recomputation of his sentences.

The petition for review presents two issues which we have recently considered in other cases:

First, where a parole violator, ultimately convicted for an offense committed while on parole, does

not obtain release on bail pending trial but remains in detention, should the pre-trial detention time, after the lodging of a detainer against him by the Board of Probation and Parole, be counted toward the original sentence backtime or attributed to the sentence for the new offense?

Second, was petitioner's revocation hearing conducted by the board in accordance with the 120-day time limit under 37 Pa. Code §71.4(2)?

We have answered the first question several times recently, pointing out that the pre-trial detention time is counted toward the new sentence, not toward the backtime, when bail is not posted, even though bail-posting may admittedly be unlikely. In *Campbell v. Pennsylvania Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 454, 409 A.2d 980 (1980), we cite our decisions clarifying *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). Counsel should note that a full understanding of this line of cases involves consideration of cases after the 1977 *Mitchell* case.

With respect to the second question, we note that the cited regulation requires that a revocation hearing be held within 120 days from the date the board has received official verification of the conviction, except that where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, the revocation hearing is to be held within 120 days of verification of the return of the parolee to a state correction facility. Here, although the April 21, 1982 revocation hearing was held more than 120 days after the convictions in November of 1981, the parolee was not returned to state custody until February 9, 1982, less than ninety days before the revocation hearing, which was therefore timely. *Brown v.*

*Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, A.2d (1982).

The board will be affirmed.

PER CURIAM ORDER

Now, January 7, 1983, the actions of the Pennsylvania Board of Probation and Parole, as herein appealed, are affirmed.