Rene Rivera, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Wyman Scott, Petitioner v. Commonwealth of Pennsylvania, Fred Jacobs, Chairman, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioners.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevey,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, January 17, 1984:

*No. 426 Misc. Dkt. No. 3*

On May 22, 1981, while on parole, the petitioner Rene Rivera was arrested in Lehigh County on new criminal charges. He did not post bail on the new charges and remained incarcerated in Lehigh County Prison. Previously, the petitioner had been sentenced on April 25, 1977, to a term of three to ten years for the offenses of Robbery, Theft by Unlawful Taking and Receiving Stolen Property. On May 22, 1981, the Pennsylvania Board of Probation and Parole (Board) lodged a warrant and detainer against petitioner.

On June 3, 1981, and June 8, 1981, Lehigh County filed additional charges against Rivera. Petitioner did not post bail on either of these additional charges.

Following a preliminary detention hearing at Lehigh County Prison, the Board ordered petitioner de-

tained pending disposition of the criminal charges and ordered that a violation hearing be scheduled.

Following a further detention and parole violation hearing at Lehigh County Prison in September 1981, the Board ordered petitioner detained pending disposition of all criminal charges and recommitted him as a technical parole violator to serve twenty-four months back time for violation of parole.

In November 1981, the Lehigh County Court of Common Pleas convicted petitioner of the crimes of Receiving Stolen Property and Former Felon Not to Own or Possess Firearm. In January 1982, petitioner was sentenced to a term of three to seven years in a state correctional institution with credit for time served from May 22, 1981. The sentencing judge did not state whether the new sentence imposed as a result of the conviction on the new charges should be served consecutively or concurrently with any sentence petitioner was presently serving.

The Board afforded the petitioner a parole violation hearing at the Lehigh County Prison and in February 1982, the Board reaffirmed its prior recommitment order of October 1981. It ordered petitioner recommitted as a convicted parole violator to serve an additional twelve months on back time for a total of thirty-six months on back time.

Rivera petitioned the Board for administrative review and relief claiming credit on his parole sentence for time he spent in custody at Lehigh County Prison after the Board lodged its warrant and detainer on May 22, 1981. The Board denied administrative relief on May 21, 1982, and this appeal followed.

### No. 417 Misc. Dkt. No. 3

A similar factual pattern is involved in the case of petitioner Wyman Scott. While on parole, petitioner was arrested on new charges on March 3, 1980. Pre-

viously, the petitioner had been sentenced on January 13, 1978, to a term of two to four years. The Board lodged its detainer on March 3, 1980.

On June 6, 1980, the petitioner was released on bail following a detention hearing and the Board lifted its warrant. On September 23, 1980, the Philadelphia Municipal Court convicted the petitioner and ordered him to pay fines and costs.

The Philadelphia police again arrested petitioner on new criminal charges on September 5, 1981, for which he did not post bail. On November 19, 1981, the Board lodged its warrant against Scott.

Following conviction of the new charges on January 27, 1982, the trial court sentenced petitioner to two to five years.

The Board conducted a parole violation and revocation hearing and ordered petitioner recommitted as a convicted and technical parole violator to serve his unexpired time. The Board recomputed petitioner's maximum term expiration to be June 8, 1984.

Scott petitioned the Board for administrative relief claiming credit on his parole sentence for time spent in custody from March 25, 1980, to June 6, 1980, and from September 5, 1981, to August 18, 1982. The Board denied the relief stating petitioner had received credit for his 1980 custody time but not for time spent in custody from September 5, 1981, to August 18, 1982. This appeal followed.

The principal argument advanced by petitioners is that Section 9761 of the Sentencing Code (Code), Act of December 30, 1974, P.L. 1052, *as amended,* 42 Pa. C. S. §9761, and Section 21.1(a) of the Parole Act (Act), Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a(a) are in conflict and that Section 9761 of the Code repeals by implication Section 21.1(a) of the Act.

Section 21.1(a) of the Act states:

Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and its (sic) does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is

to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

Section 9761(a) of the Code states, as follows:

Order of service of sentences. — If a minimum sentence imposed by the court which is to run concurrently with one which has been previously imposed would expire later than the minimum of such a previously imposed sentence, . . . the defendant shall be imprisoned at least until the last imposed minimum sentence has been served.

Section 21.1(a) has been interpreted to require that when a parolee is convicted and sentenced prior to imprisonment for a crime committed while on parole, the new sentence and the remainder of the old sentence must be served consecutively, and the sentencing judge has no authority to order that the sentences be concurrent. *Rodriques v. Pennsylvania Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 68, 403 A.2d 184 (1979); *Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976); *Commonwealth v. Draper,* 222 Pa. Superior Ct. 26, 293 A.2d 614 (1972). It has also been held that Section 21.1(a) does not authorize a sentencing judge to impose a new sentence to be served concurrently with parole back time. *Gray v. Bureau of Corrections,* 33 Pa. Commonwealth Ct. 95, 380 A.2d 1330 (1977). Petitioner contends that he is entitled to commitment credit on his parole sentence for the time

he spent in custody from the date the Board lodged its warrant and detainer, May 22, 1981, to the date of the Board's recommitment order, February 3, 1982.

Petitioners contend, furthermore, that under 1 Pa. C. S. 1936, the latest statute in date should prevail where irreconcilable statutes exist and that under 1 Pa. C. S. 1971, a later statute inconsistent with a previously enacted statute impliedly repeals the earlier one. Thus petitioners argue that Section 21.1(a) of the Act and Section 9761(a) of the Code are irreconcilable since Section 9761(a) specifically prohibits what the other statute, Section 21.1(a) specifically authorizes. Section 9761(a), therefore, they argue, repeals the earlier statute, Section 21.1(a).

Petitioners maintain that Section 9761 of the Code permits a sentencing judge to make a new sentence concurrent with a sentence previously imposed. Thus the petitioners argue that they should be granted commitment credit for custodial time spent following the Board's warrant and detainer up to the date of the Board's recommitment order. In reliance on this proposition, the petitioner cites *Commonwealth v. Dorian*, Pa. Superior Ct. , 460 A.2d 1121 (1983).

In *Dorian*, the Superior Court found that Section 21.1(a) of the Act is inconsistent with Section 9761 of the Code. The Superior Court recognized that a parole violator had to serve his or her back time and a new sentence in consecutive order where he or she had been convicted and sentenced to prison for another offense. The Superior Court, however, believed that the cases for this proposition were decided before the Sentencing Code or, if filed after the effective date of the Code, then were governed by the law effective at the time the sentence was imposed. The Court, in *Dorian*, states as follows:

[T]hus in Zuber the Supreme Court noted that "[t]he Commonwealth concedes in its brief to

this court 'that under the law of Pennsylvania *in effect at the time appellant was sentenced,* neither a court nor the Parole Board had the power to order that a "back time" and a "front time" sentence be served concurrently.' " 466 Pa. at 457, 353 A.2d at 443 (emphasis added). By this statement the court recognized that Section 9761 of the Sentencing Code had changed the law by enabling the sentencing judge to direct that his sentence—the "front time" sentence—"is to run concurrently with one which has been previously imposed"—the "back time" sentence. (Emphasis in original.) Pa. Superior Ct. at      , 460 A.2d at 1124.

We do not agree with this interpretation of the Superior Court that the Supreme Court recognized that Section 9761 of the Code impliedly repealed 21.1 (a) of the Act. The Supreme Court was merely stating the obvious that *Zuber* should be governed by the law of Pennsylvania in effect at the time appellant was sentenced. We agree with the dissenting opinion in *Dorian* which points out that had the General Assembly intended to change the law in such a significant manner, it would have done so clearly and directly. The Supreme Court, moreover, has recently addressed the alleged conflict between Section 9761 of the Code and Section 21.1(a) of the Act and found no conflict existed. *Commonwealth v. Dorian,*      Pa.      ,      A.2d      (Nos. 189 and 193 Western District Allocatur Docket, filed December 27, 1983).

In our view, a comparison of these two statutes indicates no inconsistency between them. Section 9761 (a) and the Sentencing Code itself is a general and comprehensive Code for sentencing convicted criminals of *any* criminal act or offense. Section 21.1(a) of the Act, on the other hand, is a statute which addresses a specific situation, that of a parolee who is

arrested and convicted on new charges and then sentenced again. Section 9761 applies to all criminal offenses and was not intended to apply to the circumstances of a parole violation.

This Court in *Rodriques,* a rationale adopted by the Supreme Court in *Mitchell v. Pennsylvania Board of Probation and Parole,* 491 Pa. 291, 420 A.2d 1324 (1980), *Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 146, 420 A.2d 381 (1980), and *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 401, 412 A.2d 568 (1980), reasoned that if a defendant/parolee is being held in custody *only* because of detainer lodged by the Board and has otherwise met requirements for bail on new criminal charges, then the time spent in custody should be credited against the original sentence. If the defendant/parolee however, remains incarcerated prior to the trial since he failed to satisfy bail requirements on *new* criminal charges, then the time spent in custody should be credited to the new sentence. *See also Sturtz v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 71, 453 A.2d 1093 (1983). The cases at bar are illustrative of the latter situation. Lehigh County Police arrested the petitioner, Rivera, on May 22, 1981, while on parole, for new charges and the petitioner did not post bail. As a result, petitioner remained incarcerated. The Board properly credited his custody time to his new sentence. Petitioner, Scott, was arrested on March 3, 1980, and on September 5, 1981, while on parole. On the first occasion, the Board issued its warrant and detainer on March 25, 1980. Scott was detained until June 6, 1980, when he posted bail, and promptly received credit for this confinement time. On the second occasion, the Board issued its warrant and detainer on November 19, 1981, and Scott remained incarcerated since he did not post bail. Scott sought credit on his parole back time, but the

law only permits credit toward the new sentence in this situation.

For the reasons set forth herein, we believe that Section 9761 of the Code does not impliedly repeal Section 21.1(a) of the Act. Each petitioner, furthermore, should serve his back time and new sentence consecutively with his time in custody credited to the new sentence. The decision of the Board is, therefore, affirmed.

ORDER IN 426 MISC. DKT. No. 3

AND Now, January 17, 1984, the Administrative Order of the Pennsylvania Board of Probation and Parole at Parole No. 9968-K and dated February 3, 1982, is affirmed.

ORDER IN 417 MISC. DKT. No. 3

AND Now, January 17, 1984, the Administrative Order of the Pennsylvania Board of Probation and Parole at Parole No. 4289-M and dated September 7, 1982, is affirmed.