**Donald Hardy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.**

Submitted on briefs November 8, 1984, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus*, Public Defender, with him, *John H. Corbett, Jr.*, Chief Appellate and *Mitchell A. Kaufman*, Appellate counsel, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, February 1, 1985:

Petitioner, Donald Hardy, appeals from an order of the Pennsylvania Board of Probation and Parole (Board) arguing that the Board erred in computing the back time Petitioner will serve upon his recommitment to incarceration as a technical and convicted parole violator.

On December 28, 1979, Petitioner was paroled from incarceration for a previous murder conviction for which he was serving a fifteen year sentence. On March 9, 1981, Petitioner was taken into custody under the Board's Warrant to Commit and Detain (detainer).[1] On April 28, 1981, Petitioner was arraigned in United States District Court for the Western District of Pennsylvania for violations of the Federal Firearms Act. Federal bail was set at $50,000. Petitioner never posted bail.

Petitioner was subsequently convicted of the federal charges and sentenced to serve concurrent two

---

[1] The Board issued its detainer on the ground that Petitioner had been arrested and charged with a violation of the Pennsylvania Uniform Firearms Act, which charge was subsequently nolle prossed in the Court of Common Pleas of Allegheny County.

and five year terms in a federal penitentiary. On July 1, 1983, Petitioner was released from federal custody and was recommitted to state prison for a term of 30 months under his original sentence for the murder conviction.

In computing Petitioner's back time, the Board gave him credit for the period of time, one month and nineteen days, from March 9, 1981 until April 28, 1981, during which he was incarcerated solely pursuant to the Board's detainer. Petitioner claims that he should have been credited with the period of time, 253 days, from March 9, 1981 until November 21, 1981, that he was in custody pending trial and sentencing under the federal charges.

Petitioner argues that he was ready, willing and able to satisfy the federal bail requirements but that to do so would have been a futile act since he would have still been subject to incarceration pursuant to the Board's detainer. Whether or not payment of Bail would have been a futile act with respect to Petitioner's release from incarceration, the law established by this Court and affirmed by the Supreme Court of Pennsylvania is clear:

> [I]f the defendant/parolee is being held in custody *only* because of detainer lodged by the Board and has otherwise met requirements for bail on new criminal charges, then time spent in custody should be credited against the original sentence. If the defendant/parolee, however, remains incarcerated prior to the trial since he failed to satisfy bail requirements on *new* criminal charges, the time spent in custody should be credited to the new sentence.

*Rivera v. Pennsylvania Board of Probation and Parole,* 79 Pa. Commonwealth Ct. 558, 566, 470 A.2d 1088,

1091 (1984) (emphasis in the original), *citing Mitchell v. Pennsylvania Board of Probation and Parole,* 491 Pa. 291, 420 A.2d 1324 (1980); *Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980); *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980); *Sturtz v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 71, 453 A.2d 1093 (1983); and *Rodriques v. Pennsylvania Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 68, 403 A.2d 184 (1979).

Thus, had Petitioner posted federal bail and been incarcerated solely pursuant to the Board's detainer, the time spent in prison awaiting federal trial and sentencing would have been credited to his recommitment under his original sentence. Because he did not post bail, however, he was not incarcerated solely pursuant to the Board's detainer and therefore did not meet the prerequisite conditions for having the period from April 28, 1981, and November 21, 1981, credited to the time he will serve under recommitment for his original sentence.[2]

Accordingly, we affirm the Board's order of October 28, 1981, as reaffirmed by the Board on July 29, 1983, recommitting Petitioner for a total of thirty months with credit received in the amount of one month and nineteen days for the time spent in confinement from March 9, 1981, until April 28, 1981, solely on the basis of the Board's detainer.

---

[2] Petitioner also argues that the Board erroneously reports that the federal bail was revoked on April 28, 1981, but in fact bail was not revoked. Giving Petitioner the benefit of the doubt and assuming for purposes of argument that bail was not revoked, this argument is irrelevant because Petitioner did not post bail and consequently did not satisfy the requirements for receiving credit toward his recommitment time for the period from the federal arraignment until the federal sentencing.

## ORDER

AND Now, February 1, 1985, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 38476 and dated August 3, 1983, is affirmed.