# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andre M. Palmer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 987 C.D. 2015 |
| | : | Submitted: December 4, 2015 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION**
**BY JUDGE SIMPSON**                                    **FILED: March 8, 2016**


Andre M. Palmer (Palmer) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal from a Board order recommitting him as a convicted parole violator (CPV) to serve 24 months' backtime and recalculated the maximum date of his original sentence as May 27, 2017. Palmer contends the Board is required to comply with an agreement it struck with his criminal defense counsel to allow his 24-month recommitment to run concurrently with his new criminal sentence. As a result of this agreement, Palmer asserts he waived his challenge to the parole violation charge and entered a guilty plea to the pending criminal charge. Palmer also argues this agreement is binding on the Board because the sentencing judge in his criminal case directed his new criminal sentence run concurrently with his recommitment. For the reasons that follow, we affirm.

## I. Background

In July 2007, Palmer pled guilty to drug charges in the Court of Common Pleas of Cumberland County (trial court) and received a sentence of 2 years, 6 months, to 5 years in state prison (original sentence), with an initial maximum date of July 24, 2012. Palmer served part of his sentence in a Department of Corrections boot camp. In September 2008, the Board released Palmer on parole. As part of his parole, Palmer agreed to the following condition:

> If you are convicted of a crime committed while on parole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 5. Palmer did not object to this condition.

Following a 2010 conviction for theft by deception, the Board recommitted Palmer to state prison as a CPV to serve nine months' backtime[1] on his original sentence. The Board recalculated the new maximum date of Palmer's original sentence as April 10, 2014.

In March 2011, the Board issued a decision granting Palmer re-parole subject to conditions. C.R. at 12-13. The general conditions of Palmer's re-parole included the following:

---

[1] "Backtime" is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole. Krantz v. Pa. Bd. of Prob. & Parole, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

> If you are convicted of a crime while on parole/reparole, the Board has the authority, after an appropriated [sic] hearing, to recommit you to serve the balance of your sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 14. Again, Palmer did not object to this condition.

On June 13, 2011, the Board released Palmer on re-parole. On June 28, 2013, the Pennsylvania State Police arrested Palmer for aggravated assault, simple assault, recklessly endangering another person and harassment. On the day of his arrest, the Board lodged a detainer warrant for Palmer. Thereafter, the trial court set bail at $250,000. Palmer, however, did not post bail and remained incarcerated in county prison.

In March 2014, Palmer pled guilty to one count of aggravated assault and all remaining charges against him were dropped. C.R. at 31. On April 10, 2014, Palmer reached the maximum date of his original sentence. However, he remained incarcerated in county prison at that time.

On June 10, 2014, the Board notified Palmer of its intent to hold a revocation hearing on June 24 to recommit him as a CPV. Palmer requested and received a continuance of the recommitment hearing. On July 1, the Board presented Palmer with a second notice of charges with a recommitment hearing scheduled for July 16.

Palmer appeared at the recommitment hearing with counsel. At the July 16 hearing, Palmer's parole agent offered into evidence, as State's Exhibit 1, a certified order of the common pleas court accepting Palmer's guilty plea to the aggravated assault charge. C.R. at 66-67. Palmer did not object. Id.

At the hearing, Palmer's counsel stipulated to the guilty plea. C.R. at 67. Palmer's counsel also explained that he understood, off the record, that the Board would not oppose the trial court's sentencing order directing that Palmer's sentence on his new criminal conviction run concurrently with his recommitment as a CPV. C.R. at 69-70. On cross-examination, Palmer's parole agent had no objection to counsel's statement that such an agreement existed. C.R. at 70-71.

Thereafter, the Board issued a hearing report recognizing Palmer's aggravated assault conviction. C.R. at 52. The Board denied Palmer's request for credit for his street time. C.R. at 52-53. The Board's report also stated: "[Palmer] also asked that there be no objection by the [B]oard if the Judge sentences [him] to a sentence to run concurrently with his [Board] backtime. Agent Johns did not object to this request." C.R. at 52.

On July 22, 2014, the trial judge in Palmer's criminal case sentenced him to 15 to 30 months on the aggravated assault conviction. C.R. at 101. The sentencing judge's order further stated (with emphasis added):

> Pursuant to an agreement between the parties, it is hereby ordered that this sentence run concurrently to any sentence [Palmer] serves on his state parole, to the extent permitted by law.

4

C.R. at 101-02.

In March 2015, the Board mailed Palmer a decision recommitting him as a CPV to serve 24 months' backtime. C.R. at 98. Noting that Palmer became available to begin serving backtime on July 30, 2014, and that there were 1,032 days from Palmer's re-parole on June 13, 2011 until the April 10, 2014 maximum date of his original sentence, the Board recalculated Palmer's new maximum date as May 27, 2017. C.R. at 96, 98.

Palmer filed a timely petition for administrative review. C.R. at 116-17. Palmer's appeal alleged in pertinent part:

> 3. Prior to the final plea and sentencing, it is the recollection of [Palmer's counsel] that at a parole board proceeding it was agreed between [Palmer's counsel,] the government, and the board's representative that there would not be opposition to the County sentence imposed by the Court of Common Pleas.
>
> 4. The District Attorney did not oppose, neither did the Court, [Palmer's counsel's] request that the parole violation be ordered to run concurrently with the County sentence.
>
> * * * *
>
> 6. [Palmer] filed this appeal because it does not appear clear that the 24 months running concurrently, would be completed, June 28, 2015.
>
> 7. To the extent anyone would believe [Palmer] should be held beyond June 28, 2015, this is appealed.

C.R. at 117.

5

In May 2015, the Board issued a decision denying Palmer's administrative appeal and confirming the new maximum date of his original sentence as May 27, 2017. C.R. at 132-33. Palmer petitions for review.[2]

## II. Discussion

### Compliance with Agreement

Palmer contends the Board should be required to comply with the sentencing/recommitment agreement struck between Palmer, the District Attorney and the Board. Palmer claims the Board's representative induced him to enter a guilty plea and give up his hearing and trial rights. Moreover, the trial court not only honored the agreement, but did everything possible to make it binding. Nevertheless, Palmer asserts the Board reneged on its consent and refused to keep the agreement.

Because he gave up his hearing and trial rights, Palmer argues the agreement should be enforced, and he should be awarded credit dating from June 28, 2013. Palmer further asserts no other relief is practical and the mere grant of a new hearing would be unfair after his guilty plea in the criminal case is on record. Therefore, Palmer requests that we direct the Board to honor the agreement, award him the appropriate credit, and adjust his release accordingly.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. §704; Flowers v. Pa. Bd. of Prob. & Parole, 987 A.2d 1269 (Pa. Cmwlth. 2010).

6

To begin our analysis, we recognize Section 6138(a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(5), relating to CPVs, requires that CPVs who were paroled from a state correctional institution, and receive new sentences to be served in a state correctional institution, must serve their original sentences prior to becoming available to serve their new sentences. In particular, Section 6138(a)(5)(i) provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed shall precede the commencement of the new term in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(5)(i) (emphasis added).

We further note that Section 6138(a)(5)(i) of the Code is essentially identical to its precursor, Section 21.1a(a) of the former Parole Act,[3] which provided:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence

---

[3] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 861, as amended, formerly 61 P.S. §331.21a, repealed by the Act of August 11, 2009, P.L. 147 (Prisons and Parole Code, 61 Pa. C.S. §§101-6309).

7

imposed upon him is to be served in any such State penal or correctional institution.

In Commonwealth v. Zuber, 353 A.2d 441 (Pa. 1976), our Supreme Court recognized that former Section 21.1a(a) required that a CPV serve his backtime and then his new state sentence in consecutive order, regardless of a guilty plea agreement and sentence directing that the parole violator's backtime on his original sentence run concurrently with his new sentence. In Commonwealth v. Dorian, 468 A.2d 1091 (Pa. 1983), the Supreme Court followed Zuber and again held that a trial court may not order that a sentence for a new conviction run concurrently with the time remaining on the CPV's original sentence.

Thereafter, in Rivera v. Pennsylvania Board of Probation and Parole, 470 A.2d 1088 (Pa. Cmwlth. 1984), this Court, citing Zuber, also recognized that former Section 21.1a(a) required a CPV to serve the remainder of his original sentence and his new sentence consecutively. Therefore, Section 21.1a(a) prohibited a trial court from sentencing a CPV to serve his new sentence concurrently with his backtime on the older sentence. In Rivera, we rejected the argument that Section 9761(a) of the Sentencing Code, 42 Pa. C.S. §9761(a), a more recent statute governing concurrent sentences in criminal cases, permitted a sentencing court to order that a new sentence run concurrently with Board backtime. We reasoned that Section 21.1a(a), a specific statute addressing the sentencing of convicted parole violators, prevailed.

In Walker v. Pennsylvania Board of Probation and Parole, 729 A.2d 634 (Pa. Cmwlth. 1999), we again recognized that former Section 21.1a(a) mandated that sentences for crimes committed on parole be served consecutively

8

with time remaining on original sentences and that neither the courts nor the Board may impose concurrent sentences. Further, a CPV must serve his backtime prior to serving his new sentence. Hall v. Pa. Bd. of Prob. & Parole, 733 A.2d 19 (Pa. Cmwlth. 1999).

Recently, we recognized that Section 6138(a)(5) of the Code, the successor to former Section 21.1a(a), likewise requires that CPVs serve the backtime on their original state sentence before they can begin to serve time on a newly imposed state sentence. Wilson v. Pa. Bd. of Prob. & Parole, 124 A.3d 767 (Pa. Cmwlth. 2015). Therefore, the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole. Walker; Harris v. Pa. Bd. of Prob. & Parole, 393 A.2d 510 (Pa. Cmwlth. 1978) (Board may not impose backtime to run concurrently with the new sentence for the crime committed while on parole, regardless of a court order that the sentences run concurrently).

Consequently, in light of Section 6138(a)(5)(i) of the Code, Zuber and the other cases cited above, we discern no error in the Board's decision to require Palmer to serve the backtime on his original sentence consecutive with, and prior to, his new 15-30 month sentence for aggravated assault. Hall; Walker; Harris. In short, any agreement with Palmer indicating that his new criminal sentence would run concurrently with his backtime was invalid. Dorian; Zuber.

Nonetheless, Palmer's proper remedy is to seek to vacate the plea agreement in the trial court. Zuber. Because neither the trial court nor the Board

could order Palmer's backtime and new sentence to run concurrently, any agreement indicating that the Board would even consider doing that would render Palmer's plea agreement void. Id.

Finally, we reject Palmer's contention that he is entitled to credit toward his original sentenced from June 28, 2013, when the Board lodged a detainer warrant against him following his arrest on the aggravated assault charges.

Section 6138(a)(4) of the Code provides: "The period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4). At the time the Board filed its detainer warrant in June 2013, Palmer was incarcerated in county prison on the pending aggravated assault charges. Palmer failed to make bail on these new charges. Therefore, Palmer was not incarcerated solely on the Board's warrant. "[O]nce a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied to the new sentence, and not to the original sentence." Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). As a result, Palmer's claim for credit from June 28, 2013 fails. Id.

Rather, a parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a CPV. Wilson (citing Campbell v. Pa. Bd. of Prob. & Parole, 409 A.2d 980 (Pa. Cmwlth. 1980)). Here, the Board's hearing report indicates the hearing examiner

10

obtained a second signature for Palmer's recommitment on July 30, 2014. C.R. at 58. As such, Palmer's new maximum expiry must be calculated from that date. Wilson; Campbell.

Adding the 1,032 days between Palmer's re-parole on June 13, 2011 and his prior April 10, 2014 maximum date, the Board properly recalculated the new maximum date of Palmer's prior sentence as May 27, 2017. Wilson; Armbruster. Therefore, we discern no error in the Board's recalculation.

For the above reasons, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre M. Palmer,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 987 C.D. 2015
                                          :
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :

# **O R D E R**

**AND NOW**, this 8th day of March, 2016, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge