IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pedro Serrano, : 
     Petitioner : 
               :
     v. :
               :
Pennsylvania Board of :
Probation and Parole, : No. 2102 C.D. 2015
     Respondent : Submitted: March 4, 2016


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: July 13, 2016


    Pedro Serrano (Serrano) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) September 4, 2015 order denying his petition for administrative review (Petition). The sole issue before the Court is whether the Board erred in calculating his maximum sentence release date. After review, we affirm.

    Serrano is currently an inmate at State Correctional Institution at Fayette (SCI-Fayette). On August 14, 2006, the Board paroled Serrano from a 6½ to 13-year sentence for aggravated assault. At that time, his maximum release sentence date was February 9, 2013. On March 15, 2010, the Board revoked Serrano's parole, recommitted him as a convicted parole violator, and recalculated his maximum sentence release date from February 9, 2013 to November 4, 2014.

    On August 6, 2010, the Board reparoled Serrano from his original sentence to a state detainer sentence. Serrano signed and acknowledged Conditions

Governing Parole/Reparole (Conditions) which notified Serrano that "[i]f you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance [ROR] from those charges." Certified Record (C.R.) at 21. The Conditions also informed Serrano that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." *Id*. On October 4, 2012, the Board paroled Serrano from his state detainer sentence to an approved home plan. On December 27, 2012, after Serrano violated parole, instead of revoking parole, the Board diverted Serrano to the secured parole violator program where Serrano remained until May 20, 2013, when he was released to normal parole supervision.

On September 19, 2013, the Philadelphia Police Department arrested Serrano on new criminal charges (Philadelphia County Charges) and held him in the Philadelphia County Prison. On September 20, 2013, Philadelphia County Municipal Court detained Serrano in lieu of bail. On that same date, the Board lodged its detainer against Serrano. On October 31, 2013, Serrano was released on ROR bail. However, pursuant to his parole conditions, on November 6, 2013, Serrano was returned to a state correctional institution on the Board's detainer. On March 20, 2014, Serrano pled guilty to the new criminal charges. Serrano was sentenced to 11½ to 23-months[1] in Philadelphia County Prison (Philadelphia County Sentence).

---

[1] Serrano was sentenced to two 11½ to 23-month sentences to run concurrently.

2

On April 18, 2014, Serrano signed a "Waiver of Revocation Hearing and Counsel/Admission Form," waived a revocation hearing and admitted to violating parole conditions. C.R. at 41. By June 20, 2014 decision, the Board recommitted Serrano as a convicted parole violator, when available, pending completion of or parole from the Philadelphia County Sentence. Serrano was paroled from his Philadelphia County Sentence on February 5, 2015. By decision mailed April 9, 2015, the Board recalculated Serrano's maximum sentence release date from November 4, 2014 to July 26, 2018. On May 12, 2015, Serrano filed his Petition objecting to the recalculated date. By September 4, 2015 decision, the Board denied the Petition and affirmed the Board's decision. Serrano appealed to this Court.[2]

Serrano argues that the Board erred in calculating his maximum sentence release date. In support, Serrano makes several general assertions but does not develop them, or clearly explain how they apply to his circumstances.

Serrano first contends that his "Constitutional Rights were violated pursuant to Due Process protection since he was detained by the Board while his new charge was disposed." Serrano Br. at 10. That statement is the entirety of Serrano's argument. Serrano does not provide any further explanation. "A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue." *In re: Condemnation by the Dep't of Transp.,* 76 A.3d 101, 106-07 n.8 (Pa. Cmwlth. 2013). Thus, absent further explanation or legal authority in support of his assertion, Serrano's due process argument is waived.

Serrano next asserts that "it is clearly established law that a revocation hearing must be held within 120 days of the Board's receipt of the official notice of the guilty verdict or plea." Serrano Br. at 10. This statement is the entirety of

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

3

Serrano's argument. Thus, because he fails to develop this argument,[3] it is waived. *See In re: Condemnation*.

> Serrano also argues, without further explanation, that the

> Board cannot use [the Prisons and Parole Code (Parole Code)[4]] requirement that new sentence be served prior to and consecutive to state parole backtime to preclude another Judge from directing[5] that its sentence be served concurrent with the parole time and crediting its sentence with time parolee spent on the Board's warrant. [Serrano] is entitled to credit against his backtime with all time served as the Board would not attribute that period of confinement [sic] another sentence.

Serrano Br. at 10.

> Section 6138(a) of the Parole Code provides, in pertinent part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

> (2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole**.

> . . . .

> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the

---

[3] Serrano does not explain how the 120-day period is relevant to his case where he pled guilty to the Philadelphia County Charges **and waived his right to a revocation hearing**. C.R. at 41.

[4] 61 Pa.C.S. §§ 101-6309.

[5] Notably, there is nothing in the Philadelphia County Sentence order indicating that the sentence was to run concurrently with Serrano's original sentence. *See* C.R. at 37-38.

date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) **In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.**

61 Pa.C.S. § 6138(a) (emphasis added).

"[W]hen a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time,[6] regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[7] Importantly, the *Gaito* Court explained:

---

[6] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[7] *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of

5

if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Id*. at 571. This Court recently explained:

> In *Commonwealth v. Zuber, . . .* 353 A.2d 441 (Pa. 1976), our Supreme Court recognized that former Section 21.1a(a) [of what was commonly referred to as the Parole Act] required that a [convicted parole violator (]CPV[)] serve his backtime and then his new state sentence in consecutive order, regardless of a guilty plea agreement and sentence directing that the parole violator's backtime on his original sentence run concurrently with his new sentence. In *Commonwealth v. Dorian, . . .* 468 A.2d 1091 (Pa. 1983), the Supreme Court followed *Zuber* and again held that a trial court may not order that a sentence for a new conviction run concurrently with the time remaining on the CPV's original sentence.
>
> Thereafter, in *Rivera v. Pennsylvania Board of Probation and Parole, . . .* 470 A.2d 1088 (Pa. Cmwlth. 1984), this Court, citing *Zuber,* also recognized that former Section 21.1a(a) required a CPV to serve the remainder of his original sentence and his new sentence consecutively. Therefore, Section 21.1a(a) prohibited a trial court from sentencing a CPV to serve his new sentence concurrently with his backtime on the older sentence. In *Rivera,* we rejected the argument that Section 9761(a) of the Sentencing Code, 42 Pa.C.S. § 9761(a), a more recent statute governing concurrent sentences in criminal cases, permitted a sentencing court to order that a new sentence

---

record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

run concurrently with Board backtime. We reasoned that Section 21.1a(a), a specific statute addressing the sentencing of convicted parole violators, prevailed.

In *Walker v. Pennsylvania Board of Probation and Parole,* 729 A.2d 634 (Pa. Cmwlth. 1999), we again recognized that former Section 21.1a(a) mandated that sentences for crimes committed on parole be served consecutively with time remaining on original sentences and that neither the courts nor the Board may impose concurrent sentences. Further, a CPV must serve his backtime prior to serving his new sentence. *Hall v. Pa. Bd. of Prob. & Parole,* 733 A.2d 19 (Pa. Cmwlth. 1999).

Recently, we recognized that Section 6138(a)(5) of the [Parole] Code, the successor to former Section 21.1a(a), likewise requires that CPVs serve the backtime on their original state sentence before they can begin to serve time on a newly imposed state sentence. *Wilson v. Pa. Bd. of Prob. & Parole,* 124 A.3d 767 (Pa. Cmwlth. 2015). Therefore, the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole. *Walker; Harris v. Pa. Bd. of Prob. & Parole, . . .* 393 A.2d 510 (Pa. Cmwlth. 1978) (Board may not impose backtime to run concurrently with the new sentence for the crime committed while on parole, regardless of a court order that the sentences run concurrently).

*Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016).

In the Board's September 4, 2015 denial, it informed Serrano:

The Board paroled you from a state correctional institution . . . on August 6, 2010 with a maximum sentence date of November 4, 2014. This left you with 1551 days remaining on your sentence (from 08/06/2010 to 11/04/2014 = 1551 days). As previously stated, the Board chose to deny you credit for time at liberty on parole based on your recommitment as a convicted parole violator. This includes the period you were on parole from your sentence at inmate number ED-6564 but confined on the detainer sentence at inmate number JR-3447. This means you still had 1551 days remaining on your sentence.

7

Following your parole from the detainer sentence at inmate number JR-3447, supervision staff arrested you for parole violations on December 27, 2012. The Board chose not to recommit you for those violation[s] and instead placed you in the parole violator program. You remained in that program until May 20, 2013 at which time you were released.

On September 20, 2013, authorities detained you for new criminal charges that were docketed in the Court of Common Pleas of Philadelphia County at CP# 12584-2013. The Board lodged its detainer against you that same day. The court granted you [release on your own recognizance] bail on October 31, 2013, but you remained confined on the [B]oard detainer. On March 20, 2014, you pled guilty to the new criminal charges and the court sentenced you to a new term of imprisonment to be served in the county prison that same day. The court paroled you from the new county prison sentence February 5, 2015.

Based on these facts, the Board gave you 144 days of credit on your original sentence for the period you were confined and/or in the parole violators program from December 27, 2012 to May 20, 2013. The Board also gave you 140 days of credit for the period you [were] incarcerated solely on the [B]oard detainer from October 31, 2013 to March 20, 2014. Added together, this gave you a total of 284 days of credit on your original sentence. The Board did not give you credit for the period that you were incarcerated from September 20, 2013 to October 31, 2013 because you were held on both the new criminal charges and the [B]oard detainer or solely on the new criminal charges during this time. As such, credit for this time must apply to the new sentence. Subtracting the 284 days of credit you received from the 1551 days you had remaining left 1267 days to serve on your sentence.

The [Parole Code] provides that convicted parole violators who are paroled from [a state correctional institution] and then receive a new sentence to be served in a county prison must serve the new sentence first. 61 Pa.C.S. § 6138(a)(5). This means you did not become available to serve your original sentence until the court paroled you from the new county prison sentence on February 5, 2015. Adding the 1267 days you had remaining on the sentence to this

> availability date yields a new maximum sentence date of
> July 26, 2018.

C.R. at 108-109.

Serrano was paroled from a state correctional institution. The subsequent Philadelphia County Sentence was to be served in county prison. Pursuant to Section 6138(a)(5)(iii) of the Parole Code, service of the Philadelphia County Sentence was required to precede commencement of the balance of Serrano's original sentence. The Board properly concluded that the time of Serrano's confinement on both the Board detainer and Philadelphia County Charges – between September 20, 2013 to October 31, 2013 – was to be credited against the Philadelphia County Charges, and not his backtime. Further, the Board correctly determined that Serrano did not become available to serve his original sentence until he was paroled from the Philadelphia County Sentence. There is no support for Serrano's argument that his Philadelphia County Sentence should have run concurrently with his backtime. Therefore, his argument fails. Further, reviewing the Board's rationale, and applying the aforementioned authority, we discern no error in the Board's recalculation of Serrano's maximum sentence release date to July 26, 2018.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pedro Serrano,                      :
                   Petitioner       :
                                   :
               v.                   :
                                   :
Pennsylvania Board of       :
Probation and Parole,        :    No. 2102 C.D. 2015
                  Respondent    :

### O R D E R

AND NOW, this 13th day of July, 2016, the Pennsylvania Board of Probation and Parole's September 4, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge