# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean David O'Conner,           :  
                 Petitioner     :  
                          :  
          v.                 :     No. 785 C.D. 2020  
                          :     Submitted: January 29, 2021  
Pennsylvania Parole Board,     :  
                 Respondent    :

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge  
                **HONORABLE ANNE E. COVEY,** Judge  
                **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**  
**JUDGE COHN JUBELIRER**             **FILED: April 21, 2021**

Sean David O'Conner, pro se,[1] an inmate confined at the State Correctional Institution (SCI) at Somerset, petitions for review of a June 30, 2020 Order of the Pennsylvania Parole Board (Board) that affirmed a Board decision mailed April 2, 2019, which recommitted O'Conner as a convicted parole violator (CPV) to serve six months' backtime, denied him credit for the time he spent at liberty on parole, and recalculated his maximum sentence date as October 26, 2021. On appeal, O'Conner asserts that the Board erred by crediting a portion of the time he spent in pretrial detention on new criminal charges to his original sentence. He contends,

---

[1] On August 14, 2020, we ordered the Public Defender of Somerset County to represent O'Conner. On December 8, 2020, we granted the Public Defender's motion to withdraw as counsel because O'Conner wanted to proceed pro se.

rather, that all of the time he spent in pretrial confinement should have been credited to his new sentence on the new criminal charges. For the following reasons, we affirm.

In 2016, O'Conner was convicted of driving under the influence (DUI) and sentenced in the Court of Common Pleas of Adams County (trial court) to a term of 1 year, 3 months, 22 days to 4 years, 6 months in an SCI. (Sentence Status Summary, Certified Record (C.R.) at 1-2.) At that time, his maximum sentence date was July 6, 2020. (*Id*. at 2.)

O'Conner was paroled from his original sentence on May 3, 2017. (Order to Release on Parole/Reparole, C.R. at 7.) On July 28, 2017, a police officer of the Gettysburg Borough Police Department detained O'Conner on suspicion of DUI. (Police Criminal Complaint, C.R. at 14.) O'Conner failed field sobriety tests and was taken to Gettysburg Hospital for chemical testing, which he refused. (*Id.* at 14-15.) O'Conner was then released from police custody. (*Id.* at 15.) On September 4, 2017, the Gettysburg Borough Police Department filed charges against O'Conner for DUI – individual rendered incapable of driving, trespass by motor vehicle, and driving with a suspended license – DUI-related. (*Id.* at 11-13.) The trial court issued a bench warrant for his arrest on October 19, 2017, based on his failure to appear. (Criminal Docket, C.R. at 27.)

On October 6, 2017, the Board declared O'Conner delinquent based on the new criminal charges and because he changed his approved residence without permission. (Wanted Notice Request, C.R. at 16; Administrative Action, C.R. at 17.) On June 22, 2018, the Board issued a detainer warrant for O'Conner following

2

his arrest in St. Petersburg, Florida. (Warrant for Arrest of Paroled Prisoner, C.R. at 18; Notice of Charges and Hearing, C.R. at 19.)[2]

The Board issued a Notice of Charges and Hearing based on O'Conner's new criminal charges and technical parole violations for leaving his approved residence without permission and traveling to Florida without permission. (C.R. at 19.) On July 12, 2018, O'Conner waived his rights to be represented by counsel and to violation and detention hearings, and admitted to the technical parole violations. (Waiver of Violation Hearing and Counsel/Admission Form, C.R. at 21-22; Hearing Report, C.R. at 32.) By decision mailed on August 14, 2018, the Board detained O'Conner pending disposition of the new criminal charges filed in Adams County and recommitted him as a technical parole violator (TPV) to serve six months' backtime in an SCI/contracted county jail. (Notice of Board Decision, C.R. at 41-43.) The Board recalculated O'Conner's maximum sentence date as March 6, 2021, and stated that date was subject to change if O'Conner was convicted of the pending criminal charges. (Order to Recommit, C.R. at 39; Notice of Board Decision, C.R. at 43.) The Board's decision also stated that O'Conner would be automatically reparoled on December 22, 2018, pending disposition of the outstanding criminal charges. (Notice of Board Decision, C.R. at 42.)

On November 2, 2018, the trial court set bail in the amount of $7,500 on the Adams County criminal charges, which O'Conner did not post. (Criminal Docket, C.R. at 48.) On January 3, 2019, O'Conner pleaded *nolo contendere* to the charges of DUI – general impairment and driving with a suspended license, and the charge

---

[2] It is not clear from the record whether O'Conner was arrested on new charges in Florida and then held on the Board's warrant, or if he was detained in Florida because of the Board's warrant. However, in its brief, the Board advises that it issued its detainer warrant after O'Conner's arrest in Florida. (Board's Brief at 6.)

of trespass was withdrawn. (*Id.* at 49.) The trial court sentenced O'Conner that same day to serve 6 to 24 months in an SCI for DUI and 90 days in an SCI for driving under suspension, both of which were to be served concurrently. (Trial Court Order dated January 3, 2019, C.R. at 44-46.) The trial court awarded O'Conner confinement credit for the period of October 26, 2018, through January 3, 2019. (*Id.* at 44.)

The Board then issued a Notice of Charges and Hearing on February 1, 2019, based on O'Conner's new criminal convictions. (C.R. at 66.) That same day, O'Conner waived his rights to be represented by counsel and to a revocation hearing, and admitted to his new criminal convictions. By decision mailed on April 2, 2019, the Board deleted the reparole portion of its August 14, 2018 decision, referred to that August decision recommitting O'Conner as a TPV to serve six months of backtime, and recommitted O'Conner as a CPV to serve six months' backtime concurrently to his six-month recommittal as a TPV. (Notice of Board Decision, C.R. at 102-03.) The Board declined to award O'Conner credit for the time he spent at liberty on parole because he absconded while on supervision, and recalculated his maximum sentence date as October 26, 2021. (*Id.* at 103.)

O'Conner filed a timely pro se request for administrative relief, claiming that the Board erred in recalculating his maximum sentence date. (C.R. at 104-05.) Specifically, he challenged the amount of time credited towards his TPV and CPV backtime versus the time credited towards his new Adams County sentence for the DUI. He asked the Board to provide the date that it believed he began serving his TPV backtime, as he thought that he already served his six months' backtime as a TPV from June 22, 2018, to December 22, 2018, which was prior to his sentencing on his new Adams County conviction. (*Id.*) O'Conner claimed that because his

4

CPV backtime was to be served concurrently with his TPV backtime, he had already served both in full. (*Id.* at 105.) O'Conner also expressed that he was trying to figure out when he would reach the minimum date on his new Adams County sentence, such that he may be paroled from that sentence. (*Id.*) O'Conner filed additional correspondence with the Board on December 30, 2019, making essentially the same arguments as in his prior request for administrative relief, but adding a claim that he was in pretrial confinement on the new charges from June 22, 2018, through January 3, 2019, because when he was arrested in Florida, he had an outstanding bench warrant for failure to appear before the trial court, in addition to the Board's warrant. (C.R. at 107-10.)

The Board responded to O'Conner's request for administrative relief and subsequent correspondence on June 30, 2020, and affirmed its April 2, 2019 decision. (C.R. at 119-20.) The Board first noted that it would not address O'Conner's additional correspondence filed on December 30, 2019, because second or subsequent requests for relief are prohibited under the Board's regulations. *See* 37 Pa. Code § 73.1(a)(1), (b)(3).

As to the merits of his April 11, 2019 request, the Board explained that the decision to recommit O'Conner as a CPV gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the time he spent at liberty on parole. (C.R. at 119.) The Board then explained how it recalculated O'Conner's maximum sentence date, noting that O'Conner received 133 days of presentence credit for the period of June 22, 2018, to November 2, 2018, when he was detained solely on the Board's warrant. (*Id.*) Subtracting 133 from the 1,160 days left on O'Conner's original sentence at the time he was paroled on May 3, 2017, left him with 1,027 days remaining on his original sentence. (*Id.*) Adding 1,027

5

days to January 3, 2019, the date O'Conner was sentenced on the new Adams County charges and, thus, the date he became available to begin service of his original sentence,[3] yielded a recalculated maximum date of October 26, 2021. (*Id.* at 119-20.) The Board also noted that any other time O'Conner spent incarcerated, *i.e.*, from November 2, 2018, through January 3, 2019, during which time he did not post bail on the new Adams County charges, would be calculated by the Department of Corrections and credited toward his new state sentence upon commencement of that term. (*Id.* at 119.) Finally, the Board advised that, because O'Conner is a CPV who was released from an SCI and received a new sentence to be served in an SCI, he must serve his original sentence first. (*Id.* at 120.) Accordingly, the Board concluded that it did not err and affirmed its prior decision.

O'Conner now petitions this Court for review of the Board's Order, arguing that he is prejudiced by both the trial court's and the Board's confinement credit allocations and the Board's recalculation of his maximum sentence date.[4] (O'Conner's Brief (Br.) at 13.)[5] In his brief, he argues that from the time of his arrest in Florida on June 22, 2018, through the date of sentencing on his new Adams County conviction on January 3, 2019, he was detained on both the new criminal charges and the Board's warrant. He, therefore, claims that the Board erred in its determination that he was detained solely on its warrant from June 22, 2018, through

---

[3] The Board also noted that because it previously revoked O'Conner's parole prior to his sentencing on the new Adams County charges, O'Conner became available to begin service of his backtime on January 3, 2019. (*See* C.R. at 119-20.)

[4] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005).

[5] Because O'Conner has not numbered all of the pages of his brief, the page numbers referenced in this opinion reflect electronic pagination.

November 2, 2018. He points out that the trial court issued a bench warrant for his failure to appear on the new charges on October 19, 2017. Therefore, he asserts that because of the bench warrant, he was detained on the new charges **and** on the Board's warrant from June 22, 2018, through January 3, 2019. O'Conner claims he is prejudiced because if all of his time in pretrial detention was credited toward his new sentence, he would have been placed on constructive state parole for the new offense at the time of sentencing[6] and then returned to SCI-Somerset to serve six months of backtime for his original offense. (O'Conner's Br. at 7.) As such, he asserts that, at SCI-Somerset, his new sentence would have then run concurrently to his backtime on his original sentence.

The Board does not address O'Conner's claim that he was detained on both the bench warrant and the detainer warrant from June 22, 2018, through November 2, 2018, presumably because O'Conner did not raise any claim regarding the bench warrant in his April 11, 2019 request for administrative relief. (C.R. at 104-05.) He did raise the issue in his correspondence to the Board filed on December 30, 2019. However, the Board dismissed it as an impermissible second response. The Board's administrative rules provide that "[s]econd or subsequent appeals [and petitions for administrative review] and appeals [and petitions for administrative review] which are out of time . . . will not be received." 37 Pa. Code § 73.1(a)(4), (b)(3). O'Conner's December 30, 2019 letter to the Board was not only an impermissible second request for administrative relief, it was untimely because it was not filed within 30 days of the Board's April 2, 2019 decision. (C.R. at 103); *see* 37 Pa. Code

---

[6] In his brief, O'Conner states that he would have completed the 90-day minimum sentence on the new charges at the time of sentencing. Therefore, he claims that he could continue to serve his parole on the new sentence while simultaneously completing his backtime on his original sentence.

§ 73.1(a)(1), (b)(1) (appeals and petitions for administrative review must be received within 30 days of the mailing date of the Board's order or determination). "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). As such, O'Conner's claim that he was in the custody of the trial court from June 22, 2018, through November 2, 2018, is waived.

In his appeal to the Board, O'Conner provided calculations in support of his claim that he served his six months' backtime. (C.R. at 104.) He argued as follows:

> I originally served the TPV violation from 6/22/18 to 12/22/18 before being sentenced to a plea deal on 1/3/19. Why wasn't the TPV & CPV served in full using those dates? The only reason I came up [with] is because of the 2 months and 1 day credit given for the DUI, from 11/02/18 - 1/3/19. I'm guessing this is why this 2 months and 1 day were added to extend my new maximum date. What I'm trying to figure out is when my minimum is up for DUI and [I] can possibly be paroled home to go back to work . . . .

(*Id.* at 105.)

In its administrative response and its brief, the Board addressed its recalculation of O'Conner's maximum sentence date, explaining that it applied 133 days of credit to O'Conner's original sentence, *i.e.*, from June 22, 2018, to November 2, 2018. This left a remaining balance of 1,027 days. The time from November 2, 2018, through sentencing on the new conviction was, therefore, appropriately applied to O'Conner's new sentence.[7] Additionally, pursuant to

---

[7] The Board noted that pursuant to *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 768-69 (Pa. 2017), if the time the parolee spends incarcerated on both the Board's detainer and the new charges exceeds the length of the new sentence, the Board must credit the excess time spent incarcerated to the original sentence. However, *Smith* is not applicable here because O'Conner's new sentence of 90 days to 24 months exceeds the length of time he spent in pretrial detention.

Section 6138(a)(5)(i) of the Prisons and Parole Code,[8] 61 Pa.C.S. § 6138(a)(5)(i), O'Conner must serve his original sentence before serving his new sentence. Because he became available to serve his original sentence on January 3, 2019, the Board properly added the 1,027 days remaining on his original sentence and recalculated his maximum sentence date as October 26, 2021.

Regarding the claim O'Conner raised on appeal to the Board, we conclude that he has not established that the Board erred in its recalculation of his maximum sentence date. Moreover, O'Conner is incorrect that regardless of how his time in pretrial detention was calculated, he could have served his backtime concurrently with the new sentence. Neither the Board nor a court can permit a parolee to serve backtime and a new sentence concurrently. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016). Thus, at no point could O'Conner be placed on constructive state parole with regard to his new sentence, while concurrently serving his backtime.

Accordingly, we affirm the Board's June 30, 2020 Order.

**RENÉE COHN JUBELIRER,** Judge

---

[8] Section 6138(a)(5)(i) provides as follows:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

61 Pa.C.S. § 6138(a)(5)(i).

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean David O'Conner,                        :
                    Petitioner            :
                                 :
          v.                            :   No. 785 C.D. 2020
                                 :
Pennsylvania Parole Board,              :
                    Respondent        :

# **O R D E R**

**NOW**, April 21, 2021, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge