IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Airrick J. Newton, :
                      Petitioner :
                       :
       v. :
                       :
Pennsylvania Board of :
Probation and Parole, : No. 1360 C.D. 2018
             Respondent : Submitted: February 8, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 15, 2019

      Airrick J. Newton (Newton) petitions for review of the September 6, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief that challenged the recalculation of his parole violation maximum sentence date. Upon review, we affirm.

      On November 12, 2013, the Board released Newton on parole after he served three years in a state correctional institution (SCI) on his 3- to 6-year sentence resulting from his robbery conviction. Certified Record (C.R.___) at 6. Upon release, Newton had a maximum sentence date of November 12, 2016. *Id*. at 2. On June 12, 2015, the police arrested Newton, charged him with new crimes, and the Board detained him pending disposition of his new criminal charges. *Id*. at 11 & 23. On August 5, 2016, Newton pleaded guilty to the felonies of aggravated assault and

conspiracy to commit aggravated assault and, on that same day, the Court of Common Pleas of Chester County (trial court) imposed a new sentence of incarceration at an SCI.[1]  *Id*. at 51.  On October 5, 2016, Newton was returned to an SCI.  *Id*. at 43.  Subsequently, Newton waived his panel hearing, retained counsel, and participated in his revocation hearing.  C.R. at 29-31 & 53-66.

After the revocation hearing, the Board, on February 21, 2017, voted to revoke Newton's parole and to recommit him as a convicted parole violator to serve 24 months' backtime.[2]  *Id*. at 46 & 50.  By decision mailed March 21, 2017, the Board notified Newton of its decision to recommit him to an SCI as a convicted parole violator to serve 24 months' backtime, indicated that he is not eligible for parole until February 21, 2019, and recalculated his maximum sentence date to February 22, 2020.  *Id*. at 82.  On March 29, 2017, Newton filed an administrative remedies form with the Board challenging his recalculated maximum sentence date.  C.R. at 85.  The Board, by decision mailed September 6, 2018, denied Newton's request for relief, explaining:

> Because you object to your recalculated max date and credit applied, your petition is a request for administrative review of the board decision recorded March 5, 2017 (mailed March 21, 2017).  Upon review of your case, it was determined there is no indication the Board failed to appropriately recalculate your maximum date, and your request for relief is denied.

---

[1] The trial court gave Newton credit for time served between his arrest and guilty plea, that is, from June 12, 2015 to August 5, 2016.  C.R. at 51.

[2] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1.

2

*Id*. at 114. Newton petitions this Court for review.[3]

Before this Court, Newton contends that the Board erred in recalculating his maximum sentence date and cites three errors for our consideration. First, Newton argues that the Board should have given him credit against his original sentence for the time he spent in custody from the date he was convicted and sentenced on the new criminal charges, August 5, 2016, through the date he was returned to an SCI, October 5, 2016. Newton's Brief at 10. Generally, "the Board must credit time a parolee spent in custody between the date of conviction for the new charge and the date the Board recommits him as a [convicted parole] violator . . . to the new sentence." *Plummer v. Pa. Bd. of Prob. & Parole*, 926 A.2d 561, 563 (Pa. Cmwlth. 2007); *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 981 (Pa. Cmwlth. 1980). Here, Newton pleaded guilty and received his new sentence on August 5, 2016 but the Board did not recommit him as a convicted parole violator until February 21, 2017. C.R. at 50-51. Thus, the Board must credit the time Newton spent in custody from August 5, 2016 to February 21, 2017 to the new sentence rather than the original sentence.

Second, Newton contends that the Board erred because it used an incorrect date to commence calculating the 24 months' backtime. Newton asserts that the Board should have commenced crediting him with the 24 months' backtime from the date he was returned to an SCI on October 5, 2016. Newton's Brief at 8. Section 6138(a)(4) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(4), provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into

---

[3] Our review is limited to determining whether necessary factual findings are supported by substantial evidence, whether any constitutional rights were violated and whether any errors of law were committed. 2 Pa.C.S. §704; *Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 364 n.4 (Pa. Cmwlth. 2015).

custody to be returned to the institution as a [convicted] parole violator." A convicted parole violator's custody for return date is the date that the Board orders the parole revoked; that is, the date the Board obtains the necessary signatures to recommit the parolee as a parole violator. *See Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016); *see also Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996) (explaining that the parolee's service of backtime on the original sentence must be computed from the date the Board revokes parole); *accord Campbell*, 409 A.2d at 982 (providing that a parolee must serve the balance of his original sentence before beginning service on the new sentence but "this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing"). The Board ordered Newton's recommitment as a convicted parole violator on February 21, 2017, when it obtained the necessary signatures to do so. C.R. at 50. As a result, Newton could not commence serving his 24 months' backtime until February 21, 2017, the date of the Board's decision to recommit him as a convicted parole violator. *See Palmer*, 134 A.3d at 166.

Third, Newton asserts that the Board can only require Newton "to serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially imposed sentence." Newton's Brief at 7. It is well settled that the Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon judicial powers but merely requiring the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of sentence of convicted parole violator is "not an encroachment upon

the judicial sentencing power"). The Board cannot extend the "duration of the sentence" because fixing the sentence is a judicial function. *Id*. at 846.

However, when recalculating a convicted parolee's maximum sentence date, the Board cannot impose backtime that exceeds the remaining balance of his unexpired term. *See* 61 Pa. C.S. § 6138(a)(2) (directing that when recommitted as a convicted parole violator "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . "). It is the duration of the maximum sentence that controls, not the actual maximum sentence date. *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942). Here, Newton had 36 months remaining on his original sentence when the Board paroled him. C.R. at 80. The 24 months' backtime imposed by the Board when it recommitted him as a convicted parole violator did not exceed the 36 months Newton owed on his original sentence.

Accordingly, because Newton's challenges to the Board's recalculation of his parole violation maximum sentence date lack merit, we affirm the order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Airrick J. Newton,                        :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :        No. 1360 C.D. 2018
                    Respondent            :


# O R D E R


AND NOW, this 15th day of May, 2019, the September 6, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge