# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Mosley,                                  :
                 Petitioner        :
                                   :
       v.                                           :   No. 1503 C.D. 2018
                                     :   SUBMITTED: July 26, 2019
Pennsylvania Board of Probation and  :
Parole,                                            :
                 Respondent       :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                 FILED:  August 29, 2019


      Joseph M. Mosley (Mosley), an inmate at a state correctional institution, petitions for review of an order mailed June 27, 2018, by the Pennsylvania Board of Probation and Parole (Board) affirming the denial of Mosley's administrative appeal.  On appeal to this Court, Mosley argues that the Board erred in dismissing his administrative appeal as untimely and that the Board's recalculation of Mosley's maximum sentence date violated his constitutional right to due process.  After thorough review, we affirm.

## I. Background

      In December 2007, Mosley was sentenced to serve 4 to 10 years in state prison after pleading guilty to robbery and criminal conspiracy.  Certified Record (C.R.) at 1.  Mosley's original minimum sentence date was November 21, 2011 and his

maximum sentence date was November 21, 2017. *Id.* at 3. In December 2011, Mosley was released on parole to the Kintock Violence Prevention Program (Kintock Program) in Philadelphia, Pennsylvania. *Id.* at 9, 26. Mosley signed parole conditions providing that if he should be convicted of a crime while on parole, the Board, after an appropriate hearing, could recommit him to serve the balance of his sentence "with no credit for time at liberty on parole." *Id.* at 10.

In February 2012, having failed to complete the requirements of the Kintock Program, Mosley was recommitted as a technical parole violator (TPV) and ordered to serve six months of backtime. *Id.* at 29. Mosley was reparoled to the Kintock Program in March 2013, but was declared delinquent approximately 15 months later in June 2014. *Id.* at 35, 39. In February 2015, the Board ordered Mosley recommitted as a TPV to serve six months for multiple violations of the conditions of his parole. *Id.* at 59-61. Mosley's original maximum sentence date was recalculated to March 8, 2018 to reflect 107 days he was delinquent while on parole. *Id.* at 57.

Mosley was reparoled in April 2015. *Id.* at 62. A few days later, Mosley was arrested and charged with multiple new offenses, including burglary, simple assault, reckless endangerment, harassment, aggravated assault, resisting arrest, and disorderly conduct. *Id.* at 78-92. Mosley subsequently pleaded guilty to simple assault, aggravated assault, and resisting arrest (2017 convictions). *Id.* at 138-63. He waived his rights to counsel and to a parole revocation hearing. *Id.* at 112. As a consequence of the 2017 convictions and the Board's conclusion that Mosley represented a threat to the safety of the community, Mosley was recommitted as a convicted parole violator (CPV) to serve 36 months' backtime. *Id.* at 164-65.

2

Mosley completed his maximum sentence for the 2017 convictions on April 24, 2018, and was returned to the custody of the Department of Corrections. *Id.* at 166.

In a subsequent decision dated May 2, 2018, the Board recalculated Mosley's original maximum sentence date to June 1, 2022. *Id.* at 169. The Board forfeited sentence credit for the time Mosley spent at liberty on parole, based on Mosley's poor supervision history and the violent 2017 convictions that led to his recommitment. *Id.* at 169-70. This decision was mailed to Mosley on May 15, 2018. *Id.* at 170.

Mosley mailed the Board an administrative appeal form on June 12, 2018. *Id.* at 176. Mosley checked a box on the appeal form to challenge the Board's decision on constitutional grounds, but he failed to elaborate on any alleged constitutional violation in the narrative portion of his appeal. *Id.* at 171-75. Mosley simply argued the Board had no authority to change his original maximum sentence date. *Id.* at 172-75. He requested that his original maximum sentence date revert to November 21, 2017. *Id.* at 175.

Mosley's request for relief was denied by decision mailed on June 27, 2018, as the Board found nothing to indicate Mosley's maximum release date was not appropriately calculated. *Id.* at 177. Mosley then sought review in this Court.[1]

---

[1] On September 18, 2018, Mosley filed a mandamus action against the Board in this Court's original jurisdiction. *Mosley v. Pa. Bd. of Prob. and Parole*, (Pa. Cmwlth., No. 604 M.D. 2018). Mosley challenged the recalculation of his maximum sentence date and generally asserted violations of his rights under the Pennsylvania and United States Constitutions. By order dated September 25, 2018, this Court dismissed the mandamus action on the basis that Mosley's challenge to his maximum sentence date should have been brought in this Court's appellate jurisdiction.

Mosley filed a request for reconsideration. By order dated October 16, 2018, this Court denied Mosley's request but permitted him to file a petition for review within 30 days of the order's exit date of October 17, 2018. Mosley filed his petition for review with this Court on November 16, 2018.

## II. Issues

On appeal,[2] Mosley raises two issues. First, he argues that the Board erroneously determined his administrative appeal was untimely. Second, he contends the Board violated his constitutional rights by extending his original maximum sentence date.

## III. Discussion

### A. Timeliness of Administrative Appeal

Mosley first asserts that the Board erred in determining his administrative appeal was untimely. Mosley contends the record lacks "proof he actually received notice of the Board's decision," and alleges the Board never mailed a copy of its decision to him. Petitioner's Br. at 11. However, Mosley's administrative appeal was not dismissed as untimely. Rather, the Board denied Mosley's administrative appeal on the basis that Mosley's maximum release date was appropriately calculated. C.R. at 177. Accordingly, Mosley's first argument is without merit.

### B. Due Process

Mosley next asserts that the Board violated his constitutional rights when it recalculated his original maximum sentence date to June 1, 2022. Mosley argues that the Board violated his due process rights "in the manner in which the hearings were conducted and the manner in which credit time was applied."[3] Petitioner's Br. at 12. Mosley suggests the Board failed to hold a timely parole revocation hearing. Further, he claims he was never informed that his time at liberty on parole was

---

[2] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence. *Palmer v. Pa. Bd. of Prob. and Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

[3] Mosley does not specify in his principal brief under which constitution his rights were violated.

4

subject to forfeiture by the Board. Finally, Mosley maintains that the Board does not have the authority to alter a "judicial[ly] imposed sentence." *Id.* at 13.

The Board responds that Mosley waived his constitutional argument because he failed to raise it in his administrative appeal. Citing Section 6138 of the Prisons and Parole Code (Code),[4] the Board also asserts that following the 2017 convictions, the Board had discretion to deny sentence credit for Mosley's time spent at liberty on parole.

Issues that are not raised before the Board either at the revocation hearing or in the parolee's administrative appeal are waived and cannot be considered for the first time on appeal. *See* Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551(a); *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875 (Pa. Cmwlth. 2012). Furthermore, pursuant to Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, the arguments in an appellate brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*" Pa.R.A.P. 2119(a) (emphasis added). A court will not consider the merits of an argument where the issue is not properly raised and developed in a brief or where the brief is wholly inadequate to present a specific issue for review. *Boniella v. Commonwealth*, 958 A.2d 1069 (Pa. Cmwlth. 2008). Failure to develop an issue or cite authority for it in the argument section of a brief constitutes waiver. *D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 742 (Pa. Cmwlth. 2010).

We agree with the Board that Mosley waived his constitutional argument. Although he checked a box on his administrative appeal form indicating his

---

[4] 61 Pa.C.S. § 6138.

constitutional rights were violated, he gave no hint in that appeal as to the nature of the alleged violations. Rather than providing any explanation as to how or why his constitutional rights were infringed, Mosley argued solely that the Board lacked authority to extend his original maximum sentence date.

Even if Mosley had sufficiently preserved his due process claim by means of checking a box in his administrative appeal, he still waived it because he has failed to develop that argument in any meaningful way in the appellate brief he filed with this Court. Mosley merely asserts that his due process rights were violated by the Board's denial of credit for time spent at liberty on parole. He cites no relevant legal authority to support this contention and sets forth no legal analysis of the issue as raised. It is not even clear whether the Pennsylvania Constitution, the United States Constitution, or both, are implicated, as Mosley has not cited the provisions allegedly offended by the Board's action. Consequently, Mosley has waived his due process argument. *D.Z.*; *Boniella*.

Mosley has likewise waived his arguments that the Board failed to inform him that his time at liberty on parole was subject to forfeiture and that the Board failed to conduct a parole revocation hearing.[5] These arguments were not raised in Mosley's administrative appeal, and at no point did he challenge "the manner in which hearings were conducted" or suggest how "credit time" was improperly applied. Likewise, his appellate brief contains no legal authority or analysis to support the arguments raised.

Finally, Mosley argues that the Board lacks authority to recalculate his maximum sentence date and suggests an additional 11 months and 7 days were

---

[5] Mosley's arguments are also directly contradicted by the record, as the parole conditions signed by Mosley explicitly warned him of the consequences should he be convicted of a crime while on parole, and Mosley waived his right to a parole revocation hearing in November 2017.

improperly added to his maximum sentence. Mosley again cites no relevant legal authority to support this contention.

Further, Mosley misapprehends the action taken by the Board. The Board did not impose an additional sentence on Mosley when it denied him credit for time spent at liberty on parole. It merely directed Mosley to complete his original judicially imposed sentence, and it recalculated his original maximum sentence date accordingly.[6] C.R. at 166.

The Board's authority to deny sentence credit for time spent at liberty on parole is set forth in Section 6138(a)(2.1) of the Code, which empowers the Board, *in its discretion*, to award credit to a recommitted parolee, with a few exceptions not relevant here. 61 Pa.C.S. § 6138(a)(2.1). Section 6138(a)(2.1) "clearly and unambiguously grants the Board *discretion* to award credit [for time spent at liberty on parole] to a CPV recommitted to serve the remainder of his sentence . . . ." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017) (emphasis added). The Board's power to award or deny such credit "is not an encroachment upon the judicial sentencing power." *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979).

Here, in the exercise of its discretion, the Board denied credit because of Mosley's poor supervision history and in light of his 2017 convictions on multiple new criminal offenses. As our Supreme Court noted in *Young*, allowing Mosley the benefit of the time spent on parole during which he ignored the conditions of his

---

[6] We discern no error in the Board's calculation of Mosley's maximum sentence date. When Mosley was returned to the custody of the Department of Corrections on April 24, 2018, 1,063 days remained on his original sentence. C.R. at 166. Mosley received credit for 46 days of confinement but forfeited the 482 days he spent at liberty on parole. *Id.* In total, Mosley owed 1,499 days of backtime. *Id.* Adding 1,499 days to April 24, 2018 yields a new maximum sentence date of June 1, 2022. *Id.*

7

release would, in fact, lessen the judicially mandated period of custody. *Young*, 409 A.2d at 848. We discern no error either in the Board's denial of credit to Mosley for time spent at liberty on parole or in its recalculation of his maximum sentence date.

## IV. Conclusion

Mosley's arguments are waived, either because he raised them for the first time on appeal or because he failed to develop those issues in his appellate brief. Further, Section 6138(a)(2.1) explicitly grants the Board discretion to award or deny a CPV credit for time spent at liberty on parole, and the Board properly exercised that discretion in this case. Accordingly, we affirm the Board.[7]

_____
ELLEN CEISLER, Judge

---

[7] The Board filed an Application for Summary Relief with this Court on May 16, 2019, citing Rule 1532(b) of the Rules of Appellate Procedure, which provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). Citing Mosley's failure to appropriately develop his arguments, and arguing the issues raised by Mosley were irrelevant to the facts of the case at hand, the Board requested dismissal of Mosley's petition for review. By order dated June 6, 2019, this Court directed that the Board's Application be submitted with the merits of the petition for review. Given our disposition of this matter, we dismiss the Board's application as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Mosley, : 
　　　　　　　Petitioner : 
　　　　　　　　　　　　 : 
　　v. : No. 1503 C.D. 2018
　　　　　　　　　　　　 : 
Pennsylvania Board of Probation and : 
Parole, : 
　　　　　　　Respondent : 

## **O R D E R**

AND NOW, this 29th day of August, 2019, the order mailed June 27, 2018, by the Pennsylvania Board of Probation and Parole (Board) affirming the denial of Joseph M. Mosley's administrative appeal is AFFIRMED. The Board's Application for Summary Relief is DISMISSED as moot.

_____
ELLEN CEISLER, Judge