# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ravinder Singh,                         :
                Petitioner     :
                                  :
          v.                       :     No. 1470 C.D. 2023
                                  :
Pennsylvania Parole Board,              :
                Respondent     :     Submitted: October 8, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                  HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:  November 14, 2024

Ravinder Singh (Singh) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed December 5, 2023. The Board affirmed its prior decision recorded March 3, 2023, thereby denying Singh's request for administrative relief from that decision. We affirm.

The Board first granted Singh parole by action recorded March 8, 2019, and he was released on parole April 15, 2019, with a controlling maximum sentence date of January 16, 2023. Certified Record (C.R.) at 1-3. On November 6, 2019, the Board lodged a detainer against Singh as a technical parole violator (TPV). *Id.* at 7-10. By decision recorded January 17, 2020, the Board recommitted Singh as a TPV to serve 6 months' backtime. *Id.* Singh was automatically reparoled on May 6, 2020. *Id.* at 12-13. Because Singh was recommitted as a TPV, his maximum sentence date remained the same, with his sentence being credited with the 205-day

period between his release on parole (April 16, 2019) and his parole violation date (via the November 6, 2019 detainer). *See* 61 Pa.C.S. § 6138(c)(2).

By action recorded November 23, 2020, the Board declared Singh delinquent effective November 20, 2020. C.R. at 21. Singh was returned to the custody of the Department of Corrections ("DOC") on December 29, 2020. *Id.* at 25. On February 2, 2021, the Board again recommitted Singh as a TPV, this time to serve 9 months' backtime. *Id.* at 22. Once again, Singh's sentence was credited with the period between his reparole release (May 6, 2020) and the date of delinquency (November 20, 2020), which was 198 days. The Board recalculated his maximum sentence date as February 24, 2023, reflecting an increase of 39 days for the period from his date of delinquency (November 20, 2020) through his return to DOC custody (December 29, 2020). *Id.* at 25. Following his recommitment period, Singh was automatically reparoled on September 29, 2021, with a period of 513 days remaining on his sentence (i.e., until his recalculated maximum sentence date of February 24, 2023). *Id.* at 23.

On March 16, 2022, police arrested Singh and charged him with fleeing or attempting to elude an officer, driving under the influence of a controlled substance (DUI), driving with a suspended license, and drug-possession offenses. *Id.* at 70-71. On April 1, 2022, the Board lodged a warrant to commit and detain Singh as a convicted parole violator (CPV). *Id.* at 34. The Board detained Singh pending the new charges. *Id.* at 36. Singh was held on $150,000 bail, which he did not post. *Id.* at 71.

On January 18, 2023, Singh pleaded guilty to DUI and possession of marijuana and the remaining charges were withdrawn. C.R. at 51. He was sentenced to serve 21-84 months for the new convictions. *Id.* at 74. Singh waived his right to

a revocation hearing, waived his right to counsel and admitted that the new convictions violated his parole. *Id.* at 39-40. The Board prepared a hearing report revoking Singh's parole, which Board members signed on March 1, 2023. *Id.* at 69. By action recorded March 3, 2023 the Board recommitted Singh as a CPV to serve 6 months' backtime. *Id.* at 75-76. The Board denied credit for time at liberty on parole due to Singh's parole supervision failures and ongoing drug and alcohol issues. *Id.* The Board recalculated Singh's maximum sentence date as August 24, 2025. *Id.*

On or about April 3, 2023, Singh filed a request for administrative relief with the Board, arguing that the Board had improperly revoked credit for time at liberty on parole for which it had awarded credit in prior decisions. *Id.* at 79-80. In a decision mailed December 5, 2023, the Board denied Singh's administrative appeal and affirmed its March 3, 2023 decision. *Id.* at 83-85. The Board reasoned, in relevant part:

> First, the Board recalculated [Singh's] maximum sentence date to August 24, 2025[,] based on his recommitment as a [CPV]. The decision to recommit him as a [CPV] gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the periods he was at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board denied him credit for time at liberty on parole in this instance . . . .
>
> Next, the decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[, 61 Pa.C.S. §§ 101-7301 (Parole Code),] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v.* [*Pennsylvania Board of Probation*] *& Parole,* the Board must articulate the basis for its decision to grant or deny a CPV credit for

3

time spent at liberty on parole. [159 A.3d 466, 475 (Pa. 2017).]. In this case, the Board articulated that [Singh] was given no credit because he has a history of supervision failure(s) in probation and/or parole to warrant denying credit for time at liberty on parole and he continues to demonstrate unresolved drug and/or alcohol issues . . . . Thus, the reasons provided for denying him credit for the time spent at liberty on parole are sufficient.

*Id.* Singh timely petitioned this Court for review.

On appeal,[1] Singh raises two issues. First, he argues the Board failed to award credit toward his original sentence for time he spent confined solely on the Board's warrant. Second, Singh argues the Board erred in revoking credit for time in good standing on parole when recommitting Singh as a CPV, because the Board had already granted credit for the same periods of time in its two prior decisions recommitting him as a TPV.

As to credit for time confined solely on the Board's warrant, Singh argues he was returned to DOC custody as a TPV on December 29, 2020, and was confined as a recommitted TPV until his reparole on September 29, 2021—a period of 274 days. He argues the Board's March 3, 2023 recommitment order does not credit his original sentence with that 274-day period in confinement. The Board responds by explaining that the 274-day period is already reflected in Singh's recalculated maximum date and should not be "credited" toward it. The Board points out that during that period, Singh was serving backtime as a TPV, and that service brought him closer to his recomputed maximum sentence date, thus obviating the need for a "credit." Further, the 274-day period was not specifically noted on the

---

[1] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

March 3, 2023 recommitment decision because it had already been accounted for in the Board's earlier decisions recalculating the maximum sentence date.

This issue concerns two different types of credit to which parolees may be entitled. First, a parolee recommitted as a TPV is entitled to credit against their original sentence for time spent at liberty and in good standing on parole. 61 Pa.C.S. § 6138(c)(2). The Board cannot credit time at liberty during which the TPV is declared delinquent. *Id.* Second, and separate from time at liberty, a parolee recommitted as a CPV may be entitled to credit for time incarcerated while awaiting a new sentence. The entitlement depends on the reason for the pre-sentence incarceration. If the parolee posted bail on the new charges and is detained solely because of the Board's warrant, then the pre-sentence time must be credited to the original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Conversely, if the parolee has not posted bail (such that they are confined on both the new charges and the Board's warrant) then the credit is toward the new sentence, or toward both sentences if the new sentence alone is not long enough to absorb the entire credit. *Id.*; *Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d 299, 309 (Pa. 2003).

The 274-day period for which Singh seeks credit is not time at liberty in good standing, nor is it time Singh was incarcerated pending new charges or a new sentence. Instead, that 274-day period is the backtime the Board imposed for Singh's technical parole violation. "'Backtime' is the portion of [the original] sentence that a parole violator must serve as a consequence of violating parole." *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016). Because backtime functionally becomes part of the original sentence that a parolee must serve, we speak of any credit as being awarded "*against* [] backtime," and thus

*against* the original sentence. *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1046, 1048 (Pa. Cmwlth. 1984). The Board does not award credit *for* backtime served, as Singh argues here, which would defeat the purpose of imposing backtime. The Board did not err with respect to credit for the 274-day period, because no credit was due for that period.

Regarding the second issue—revocation of credit previously granted for time in good standing on parole—Singh focuses on two periods, both of which the Board addressed in its earlier decisions recommitting Singh as a TPV. In its January 17, 2020 decision, the Board granted credit for the 205-day period between Singh's initial release on parole (April 16, 2019) and his first technical parole violation date, when he ceased to have good standing on parole (November 6, 2019). In its February 2, 2021 decision, the Board granted credit for the 198-day period between Singh's reparole release (May 6, 2020) and the date of delinquency for his second period of technical parole violation (November 20, 2020). Singh argues he cannot be forced to forfeit the previously granted credit for those periods when being recommitted as a CPV because his new offenses and convictions occurred later (in 2022) and not during the credit periods in question. He argues the Board thus erred in failing to credit those periods when calculating his new maximum sentence date. The Board responds that Singh's argument relies on outdated caselaw and fails to account for a 2021 amendment to the Parole Code specifically authorizing the forfeiture of previously granted credit.

We agree with the Board. Singh relies on several cases that held the Board was not authorized by statute to revoke previously granted parole liberty credit. *See Young v. Pa. Bd. of Prob. & Parole*, 225 A.3d 810, 814 (Pa. 2020); *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020); *see*

6

*also Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 420 (Pa. Cmwlth. 2019) (en banc), *appeal denied*, 228 A.3d 254 (Pa. 2020) ("[T]he Board lacks the statutory authority to revoke street time credit previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV."). However, as we recently observed, the General Assembly amended the Parole Code in 2021—after the foregoing decisions—"to . . . expressly provide[] for forfeiture of any street time credit awarded to a TPV upon recommitment as a CPV." *Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 264-65 (Pa. Cmwlth. 2024) (citing Section 6138(c)(2) of the Parole Code, 61 Pa.C.S. § 6138(c)(2)[2] ("Credit awarded to a technical parole violator for time served on parole in good standing is subject to forfeiture if the offender is subsequently recommitted as a convicted parole violator.")). The decisions on which Singh relies were effectively abrogated by that new statutory authorization and are thus distinguishable. Further, because the Board explained its reasons for denying credit for liberty on parole in its March 3, 2023 decision, the Board did not abuse the discretion that Section 6138(c)(2) now gives it. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). We conclude that the Board did not err or abuse its discretion in revoking the credit for two periods for which it had previously granted credit for time in good standing on parole.

Accordingly, we affirm the Board's final determination.

_____
MATTHEW S. WOLF, Judge

_____

[2] *As amended* by the Act of June 30, 2021, P.L. 260.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ravinder Singh,               :
           Petitioner     :
                           :
        v.                :    No. 1470 C.D. 2023
                           :
Pennsylvania Parole Board,    :
          Respondent    :

## **O R D E R**

AND NOW, this 14th day of November 2024, the final determination of the Pennsylvania Parole Board mailed December 5, 2023, is AFFIRMED.

 

                               _____

                               MATTHEW S. WOLF, Judge