**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHANE COLEY | : | |
| | : | |
| Appellant | : | No. 1594 MDA 2022 |

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000382-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED: JULY 25, 2023**

Rashane Coley, *pro se*, appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S. §§ 9541-9546. We affirm the lower court's dismissal of Coley's petition, but vacate Coley's judgment of sentence and remand for the sentencing court to correct the October 7, 2020 sentencing order.

In 2009, following a jury trial, Coley was convicted of possession with intent to deliver a controlled substance. Correspondingly, Coley received a seven-to-fourteen-year term of imprisonment. However, while on parole for this conviction, Coley was arrested in 2019 for additional, yet unrelated, drug offenses.

As summarized by the lower court:

---

[*] Retired Senior Judge assigned to the Superior Court.

This [current] case was initiated on February 5, 2019 with the filing of a criminal complaint. [Coley] waived his right to counsel at his [p]reliminary [h]earing and proceeded *pro se*. Over the pendency of this case, [Coley's] *pro se* motions were denied and he was ultimately appointed standby counsel.

Ultimately, [Coley] pled guilty to [p]ossession with [i]ntent to [d]eliver and was sentenced on October 7, 2020 to two to four years in a state correctional facility. [Coley] subsequently filed a [p]etition under the Post[]Conviction Relief Act on July 30, 2021, citing (1) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States … ; and (2) []the imposition of a sentence greater than the lawful maximum[] … . At that time, [Coley] argued that the sentence he received on October 7, 2020 should have run concurrently to the sentence on which he was serving a parole [violation] under criminal docket 2009 CR 1318.

On October 21, 2021, [Coley] was appointed new counsel and, on November 29, 2021, [Coley's] PCRA counsel filed a [m]otion to [w]ithdraw and corresponding ***Turner***/***Finley*** letter. [***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).] [Coley] indicated that he objected to counsel's intent to withdraw; however, said request was ultimately granted and [the lower c]ourt filed its [n]otice of [i]ntent to [d]ismiss [Coley's] PCRA and [later, its] corresponding [dismissal o]rder. [Coley] then filed the instant appeal.

PCRA Court Opinion, 1/17/23, at 1-2 (record citations omitted).

Preliminarily, we note that Coley's brief is woefully deficient and violates almost *every single* precept contained in Pennsylvania Rule of Appellate Procedure 2111. Specifically, Coley's brief only contains a title, a "claim" section, a "wherefore" component, and a signed proof of service. Conversely, Rule 2111 requires an appellant to "separately and distinctly" entitle the brief with sections addressing, *inter alia*, a statement of jurisdiction, the order in question, the scope and standard of review, the questions involved, and a

statement of the case. ***See*** Pa.R.A.P. 2111(a); ***see also*** Pa.R.A.P. 2101 (requiring briefs to "conform in all material respects with the requirements of these rules[]"). Coley's brief omits all of those elements and instead delves, almost directly, into what appears to be his argument section.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court," which inherently encompasses the briefing requirements as enumerated in Rule 2111. ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). "[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498; ***see also Smithson***, 264 A.3d at 760.

Notwithstanding the multitudinous defects contained within Coley's brief, which we do not condone, given our conclusion that Coley is due no relief, we proceed to the merits of his appeal.

For appeals that are taken from a PCRA petition's dismissal: "[w]e review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted). "The PCRA court's findings will not be disturbed

unless there is no support for the findings in the certified record." ***Commonwealth v. Bishop***, 266 A.3d 56, 62 (Pa. Super. 2021) (citation omitted).

Coley asserts that his plea deal was "structured to run concurrent to the original sentence [he] was on parole for." Appellant's Brief, at 2; ***see also id***. ("[T]he new sentence was to run concurrent to the original sentence he is on parole for[.]"). However, because Coley contends that this plea agreement was never put into effect in the manner he believes was appropriate vis-à-vis his 2009 sentence which he was serving on parole at the time of his arrest and conviction, he avers that his sentence is illegal insofar as it "can not be legally performed[.]" ***Id.***

Implicit in Coley's argument is that there was a breach of contract between the plea agreement that he assented to and the sentence as imposed. We agree with Coley that a plea agreement is "contractual in nature and is to be analyzed under contract-law standards." ***Commonwealth v. Moose***, 245 A.3d 1121, 1130 (Pa. Super. 2021) (citation omitted); ***see also Commonwealth v. Martinez***, 147 A.3d 517, 533 (Pa. 2016) (holding that a convicted criminal "is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement[]").

At the outset of the sentencing hearing, the attorney for the Commonwealth indicated that the Commonwealth would recommend a sentence of two to four years of incarceration, which was at the bottom of the

- 4 -

standard range under the Sentencing Guidelines. *See* Sentencing Hearing, 10/7/20, at 3. During the colloquy, the trial court stated to Coley that "the Commonwealth is recommending a sentence of two to four years." *Id.*, at 6. Coley, who was *pro se* at the hearing, indicated, without further qualification, that was his understanding of the plea agreement, and his standby counsel and the attorney for the Commonwealth both concurred in their understanding that this was the nature of the agreement. *See id*., at 6-7. After further inquiry, Coley then specified he was pleading guilty through his own volition, and the trial court accepted Coley's guilty plea. *See id*., at 7.

After accepting Coley's plea, the trial court confirmed with Coley that he wished to proceed directly to sentencing. *See id.*, at 8. The court then expressly agreed with the Commonwealth's recommendation and stated that it was sentencing Coley "to serve a period of incarceration in a [s]tate [c]orrectional [i]institution for a period of two to four years." *Id.*, at 9. Immediately thereafter, the trial court inquired whether Coley was currently serving any other sentence, to which he responded in the affirmative. *See id.*, at 9-10. The court then explained that it cannot "do anything with the Parole hit" that he would receive on the prior sentence, but directed that the immediate two-to-four-year sentence run concurrent to the sentence he was currently serving, with the understanding that "whatever the [] Board does is out of [the court's] control." *Id.*, at 10.

We initially conclude that Coley's contention that he was deprived of the

benefit of the plea bargain, specifically the imposition of his two-to-four-year sentence to run concurrently with his 2009 sentence, lacks merit. First, to the extent Coley has any complaint that his sentences were not running concurrently, his grievance lies with the Board of Probation and Parole, not the trial court. *See* PCRA Petition, 7/30/21, at 6-7 (indicating that the Board informed him on May 11, 2021, that he would be required to serve twenty-four months of his backtime consecutive to the time on his new sentence); *see also Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016) (noting that when a defendant's most recent judgment of sentence provides that the new sentence should be run concurrently with one he was already serving while on parole, the Board will disregard the sentencing order's directive as to the concurrent nature of the sentences as it "may not impose backtime to run concurrently with a new sentence for an offense committed while on parole").

More importantly, a plain reading of the sentencing transcript reveals that Coley did receive the "benefit of the bargain," and he is not entitled to specific performance on the concurrent nature of his sentence with the 2009 sentence. This element was not part of the plea negotiations nor germane to his on-the-record understanding of the agreement, and Coley has provided no indicia compelling the opposite conclusion. The Commonwealth indicated that it agreed to recommend a two-to-four-year sentence, Coley (and his standby counsel) indicated his assent to the agreement, and the trial court then

accepted the plea and stated that it would sentence him in accordance with the recommendation. *See* Sentencing Hearing, 10/7/20, at 3, 6-9. It was only after the acceptance of the plea and the trial court's indication that it would accede to the Commonwealth's recommendation that the issue of whether the sentence should run concurrently or consecutively to the 2009 sentence arose. At no point did Coley or the Commonwealth represent that the sentence was to run concurrently to the 2009 sentence as part of the plea agreement; rather, this further inquiry and pronouncement was simply an additional part of the sentence that the trial court included in addition to the agreement. Therefore, Coley is not entitled to specific performance of a term that was never a part of his plea agreement, and the PCRA court properly concluded that he was not entitled to relief and dismissed his petition on this basis.

Despite agreeing to, and thereafter receiving, the precise terms of the plea agreement, Coley nevertheless argues that his sentence is illegal. Such a contention hinges on Section 6138(a)(5) of the Prisons and Parole Code, which states that in the event

> a new sentence is imposed on the [parolee], the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed … if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i). Coley alleges that his plea agreement featured a concurrent sentencing scheme wherein his current two-to-four-year term of incarceration was supposed to run concurrent to the backtime he would

subsequently face for having committed a violation of his parole. Resultantly, because Section 6138 specifically requires the remaining balance of Coley's 2009 term to precede the new term of incarceration, he has been subjected to an illegal sentence, as such a sentence was statutorily incapable of fulfillment.

The Commonwealth, in response, writes that "the plea agreement between the parties was for a plea to possession with intent to deliver, the *nol*[*le*] *prossing* of the remaining counts, and the recommendation of a sentence of two to four years." Appellee's Brief, at 8 (record citation omitted). The Commonwealth then disclaims agreeing "to recommend that the sentence [was] concurrent to any sentence that Coley might currently be serving, or to any back[]time the [Pennsylvania Board of Probation and Parole] might order him to serve." *Id*., at 9.

To the extent that Section 6138 is relevant, "the Commonwealth denies that the trial court violated [that] [S]ection when [it] sentenced Coley." *Id*., at 10. While the Commonwealth concedes that "an individual cannot serve a new sentence and a sentence for a parole violation concurrently, the judge in this case did not intend to impose such a sentence." *Id*., at 11. The Commonwealth's position is that, at sentencing in the present matter, Coley was *not* currently serving a sentence, *see, e.g*., *id.*, at 12, notwithstanding the fact that he was on parole contemporaneous with the now at-issue sentencing hearing.

Somewhat confusingly, the PCRA court indicates that Coley's "sentence in the instant matter was intended to run concurrently to the state sentence imposed under criminal docket 2009 CR 1318." PCRA Court Opinion, 1/17/23, at 4 (record citation omitted). Conversely, the court then writes that because Coley only "had a pending state parole violation[,]" *id*., he "was not actually serving a state sentence, so there was nothing for [the c]ourt to run its immediate sentence concurrently to." *Id*. However, the court provides no authority to demonstrate that when an individual is on parole, he or she is not serving "a sentence." *Cf.* 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime").

Regardless of what the court may have intended, *see* Appellee's Brief, at 12 ("It is apparent, therefore, that the judge *did not* intend to make the new sentence concurrent with one that might result from the parole violation, something that was not within his control.") (emphasis in original); *see also id*., at 14 ("[T]he judge never stated that he was running the new sentence concurrent to the back[]time[.]"), and despite being correct in its acknowledgment that it could not affect any subsequent determination by the Board of Probation and Parole, the court explicitly and consecutively tethered the present two-to-four-year sentence to the sentence under which he was then on parole. *See* Sentencing Order, 10/7/20 (establishing that the period of confinement in the present case is concurrent with his 2009 sentence). In

so doing, we reach the inescapable conclusion that the court imposed an illegal sentence.

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Watson**, 945 A.2d 174, 178–79 (Pa. Super. 2008) (quoting **Commonwealth v. Leverette**, 911 A.2d 998, 1001–02 (Pa. Super. 2006)). Moreover, illegal sentences may be reviewed *sua sponte* by this Court. **See Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003).

As cogently described in **Commonwealth v. Kelley**, "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted). "Imposition of a new state sentence concurrent with [a] parolee's backtime on the original state sentence is an illegal sentence under [Section 6138]." **Id**. (citation omitted). As such, independent of any of the negotiated plea deal's contents in Coley's case, "[t]he sentence [ultimately] imposed was illegal because it violated the [Prisons and Parole Code]." **Id**., at 1014 (citations omitted); **accord Palmer**, 134 A.3d at 165. Accordingly, although Coley received the benefit of his bargain with the Commonwealth in his two-to-four-year term of incarceration, the court erroneously ordered the present incarceration term to be concurrent to the sentence in which he had currently been out on parole.

As the trial court imposed an illegal sentence, notwithstanding the fact that we are affirming the PCRA court's dismissal of his PCRA petition, Coley's judgment of sentence must be vacated and this matter remanded to allow for the correction of the October 7, 2020 sentencing order.

Order affirmed. Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judge McCaffery joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2023