IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Blake,              :
          Petitioner         :
                         :
        v.                  :
                         :
Pennsylvania Board of      :
Probation and Parole,       :   No. 1461 C.D. 2018
          Respondent     :   Submitted: March 22, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: July 1, 2019

      William L. Blake (Blake) petitions for review from the September 6, 2018 decision of the Pennsylvania Board of Probation and Parole (Board) denying Blake's request for administrative relief that challenged the Board's recalculation of his parole violation maximum date.[1]  We affirm.

      On June 27, 2013, the Board released Blake on parole from a state correctional institution after serving time on his 1-year 6-month to 5-year sentence resulting from his convictions for false identification to law enforcement authorities, reckless endangerment, and fleeing or attempting to elude an officer.  Certified

---

[1] Although Blake did not file his petition for review with this Court until October 24, 2018, we note that it was timely.  Because the Board's September 6, 2018 decision addressed to Blake was returned to the Board as undeliverable, the Board resent that decision to Blake and indicated that the official mailing date for purposes of filing a petition for review with this Court would be September 27, 2018.  Certified Record (C.R.) at 124.

Record (C.R.) at 1-2. Upon release, Blake had a maximum sentence date of December 27, 2016. *Id*. at 5. On May 13, 2016, the police arrested Blake on new criminal charges. *Id*. at 14.

On May 14, 2016, the Board detained Blake pending disposition of the new charges.[2] C.R. at 12. Blake did not post bail on the new criminal charges. *Id*. at 53. On May 3, 2017, Blake pleaded guilty to one count of possession with intent to distribute and received a sentence of 3 to 6-years' incarceration at a state correctional institution. *Id*. at 35 & 48. On May 18, 2017, the Board issued a detainer and provided, in part, "[a]lthough [Blake's] original maximum sentence date was [December 27, 2016], the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording the Board's final action." *Id*. at 32. On August 28, 2017, the Board recommitted Blake as a convicted parole violator to serve 24 months' backtime and did not award Blake credit for time spent at liberty on parole. *Id*. at 77-78. *See* 61 Pa. C.S. § 6138(a)(2) & (2.1) (explaining that if the parolee is recommitted as a convicted parole violator, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). The Board calculated Blake's new parole violation maximum date to January 24, 2021. *Id*. at 78. Meanwhile, Blake filed a petition for post-conviction relief with the Lehigh County Court of Common Pleas (trial court) seeking relief on the sentence relating to his second conviction. *Id*. at 91.

On June 8, 2018, the trial court granted Blake's petition for post-conviction relief and vacated its sentencing order of May 3, 2017. C.R. at 105. In its June 8, 2018 order, the trial court reduced Blake's sentence to a term of

---

[2] The Board declared Blake delinquent for control purposes effective May 13, 2016. C.R. at 31.

imprisonment in county jail of no more than "two years less a day" followed by five years of probation, granted Blake immediate parole and ordered that "credit be given you, as required by law, for all time spent in custody, as a result of these criminal charges for which the sentence is imposed." *Id.* In response to the trial court's order, the Board entered an order, mailed June 25, 2018, modifying its August 28, 2017 order to change Blake's parole eligibility date to June 8, 2020 and his parole violation maximum sentence date to December 8, 2021. C.R. at 100.

On June 27, 2018, Blake, *pro se*, filed an administrative appeal from the June 25, 2018 Board decision. *Id.* at 118. In his appeal, Blake asserted, *inter alia*, that the Board erred in recalculating his maximum sentence date. *Id.* On September 6, 2018, the Board denied Blake's request for relief, explaining:

> The Board paroled you from a state correctional institution on June 27, 2013 with a max sentence date of December 27, 2016. This means you had a total of 1279 days remaining on your sentence at the time of parole . . . . The Board did not grant you credit for time at liberty on parole in this case. This means you still had 1279 days remaining on your sentence based on your recommitment.
> . . . .
> [T]he Board did not give you any credit for the period you were incarcerated from May 14, 2016 to June 8, 2018, because you were being held on both the new criminal charges and the Board detainer, or just the new criminal charges during this period. . . . This time was credited toward your new county sentence. . . . [Y]ou could not become eligible to commence service of your original sentence until you were released from your new sentence. This did not occur until you were resentenced and immediately paroled on June 8, 2018. Adding 1279 days to that date yields a new maximum sentence date of December 8, 2021.

C.R. at 121-22. Blake petitions this Court for review.

3

Before this Court, Blake asserts that the Board erred in recalculating his maximum sentence date because the Board failed to give him credit for "time served." Blake's Brief at 20. Specifically, Blake contends that the Board did not give him credit for 354 days that he served from May 14, 2016 (when the Board detained him on the new criminal charges) until May 3, 2017 (when Blake pleaded guilty to the new charge). *Id.* To support his assertion that he is entitled to credit for this time, Blake relies on Section 9760(1) of the Pennsylvania Sentencing Code, which provides:

> Credit against the maximum term and any minimum term shall be given to the defendant *for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.* Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1) (emphasis added). Relying on this provision, Blake asserts that the trial court intended to credit him with the 354 days he spent in custody from May 14, 2016 through May 3, 2017 toward the "original sentence." Blake's Brief at 22. But, Blake's assertion is incorrect. The trial court in its June 8, 2018 sentencing order provided that "credit be given you, as required by law, for all time spent in custody, as a result of *these criminal* charges *for which sentence is being imposed*." C.R. at 108 (emphasis added). The trial court properly gave Blake credit for time spent in custody awaiting disposition on his new criminal charges against his sentence on his new criminal conviction. *See* 42 Pa.C.S. § 9760(1); *Commonwealth v. Mann*, 957 A.2d 746, 748 (Pa. Super. 2008) (holding that the sentencing court must include credit for time served in its order imposing the

4

sentence for the new offense, as the Board is without jurisdiction to apply credit when it is omitted from a sentencing order).

Further, the Board did not err by refusing to credit Blake's original sentence for time Blake served awaiting disposition on the new criminal charge. The Board detained Blake on May 14, 2016, after his arrest on the new charges, and held him in custody. C.R. at 12 & 14. Blake failed to post bail and, therefore, Blake remained in custody on the new criminal charges until May 3, 2017, the day he pleaded guilty to the new crime and received his new sentence. *Id*. at 48. Due to Blake's failure to post bail, the 354 days he spent in custody from May 14, 2016 through May 3, 2017 on the new criminal charges must be credited to his new sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (holding that if a parolee remains incarcerated because "he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence"); *see also Hardy v. Pa. Bd. of Prob. & Parole*, 487 A.2d 99, 100 (Pa. Cmwlth. 1985) (explaining that if a parolee remains incarcerated prior to trial because he failed to satisfy bail requirements on new criminal charges, the time spent in custody should be credited to the new sentence) (citing *Rivera v. Pa. Bd. of Prob. & Parole*, 470 A.2d 1088, 1091 (Pa. Cmwlth. 1984)). As a result, Blake is not entitled to credit towards his original sentence for the 354 days he spent in custody pre-trial and awaiting sentencing on the new criminal charges, and therefore, the Board did not err in its recalculation of Blake's maximum sentence date.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Blake,                              :
                    Petitioner                 :
                                               :
         v.                                    :
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :    No. 1461 C.D. 2018
                    Respondent                 :


O R D E R


        AND NOW, this 1st day of July, 2019, the September 6, 2018 decision

of the Pennsylvania Board of Probation and Parole is AFFIRMED.


                              _____
                              CHRISTINE FIZZANO CANNON, Judge