IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juan Alberto Rosario-Martinez,    :
              Petitioner    :
                       :
          v.               :    No. 206 C.D. 2024
                       :
Pennsylvania Parole Board,    :    Submitted: February 4, 2025
              Respondent    :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                           FILED: April 4, 2025

       Juan Alberto Rosario-Martinez (Petitioner), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on January 17, 2024 (Board's Decision), that denied Petitioner's *pro se* administrative challenge to the computation of his new maximum sentence date. Petitioner contends that the Board's Decision does not accurately reflect all periods of time during which he was incarcerated and under the Board's jurisdiction between March 13, 2020, and March 14, 2022. After careful review, we vacate the Board's Decision and remand with instructions to credit Petitioner with two days, March 13 and 14, 2022, and amend Petitioner's original maximum sentence date from August 6, 2027, to August 4, 2027.

## I.   Background

       The relevant facts and procedural history of this case are as follows. Petitioner was originally sentenced on October 20, 2004, to a term of 10 years to 20 years of incarceration for offenses in relation to (1) rape of a child; (2) involuntary

deviate sexual intercourse (four counts); (3) rape; (4) aggravated indecent assault (two counts); (5) indecent assault (two counts); (6) corruption of minors; and (7) endangering the welfare of children. *See* Certified Record (C.R.) at 1-4. This sentence's original minimum and maximum dates were October 20, 2014, and October 20, 2024, respectively.

Petitioner was conditionally paroled on November 16, 2016, with a release date of April 18, 2017. *Id.* at 8-24. Prior to his release, Petitioner signed conditions governing his parole, stating in relevant part:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

*Id.* at 13.

On November 29, 2018, a warrant to commit and detain was issued. *Id.* at 25. On December 27, 2018, Petitioner was recommitted as a technical parole violator (consumption of alcohol) to serve six months pursuant to Act 122 of 2012.[1] *Id.* at 29-32. After the expiration of six months, on May 29, 2019, Petitioner was automatically paroled to Gaudenzia Siena House in Harrisburg. *Id.* at 33-43.

While on parole, Petitioner beat, repeatedly punched and bit his wife and held a box cutter to her neck and threatened to kill her. *Id.* at 52. He was arrested by the Lampeter Township Police Department on March 13, 2020, and charged with (1) aggravated assault – attempt to cause or causes bodily injury with a deadly weapon (felony 2); (2) simple assault (misdemeanor (M) 2); and (3) terroristic threats with intent to terrorize another (M1). *Id.* at 45. The Board filed a warrant to commit and

---

[1] Act of July 5, 2012, P.L. 1050, No. 122, 61 Pa. C.S. § 6138(c)(1).

detain Petitioner on March 13, 2020. *Id.* at 44. On March 14, 2020, bail was set at $50,000 on the new criminal charges. *Id.* at 70. Petitioner did not post bail. *Id.* at 69. Petitioner has remained in custody from March 13, 2020, until present. *Id.* at 45. On February 22, 2023, Petitioner pled guilty to simple assault and was sentenced by the Court of Common Pleas of Lancaster County to a maximum sentence of two years minus one day (729 days) of county confinement. *Id.* at 57-58.

On February 27, 2023, the Board provided Petitioner with a notice of charges and its intent to hold a revocation hearing for his Lancaster County case. *Id.* at 50-51. On February 27, 2023, Petitioner admitted to his new Lancaster County conviction and waived his right to a Panel Revocation Hearing and counsel. *Id.* at 47-49. The Board decision recorded March 29, 2023 (mailed April 5, 2023), formally recommitted Petitioner as a convicted parole violator to serve 12 months and changed his original sentence maximum date from October 20, 2024, to **August 6, 2027**. *Id.* at 91-94.

On April 17, 2023, the Board received a petition for administrative review filed by Petitioner, *pro se*, objecting to the August 6, 2027 maximum date calculation. *Id.* at 97-99. On January 17, 2024, the Board denied Petitioner's petition for administrative review and affirmed the Board action mailed April 5, 2023. *Id.* at 100-02. The Board explained:

> You were paroled on May 29, 2019[,] with a max[imum] date of October 20, 2024. This left you with a total of 2171 days[2] remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you received no credit for the time you were at

---

[2] The total of 2171 days appears to be an error. There are 1971 days from May 29, 2019, until October 20, 2024.

3

liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the Board did not award credit for time at liberty on parole. This means there were 2171 days still remaining on your sentence, based on your recommitment.

The Board lodged its detainer against you on March 13, 2020. You were arrested on March 14, 2020[,] for new criminal charges at docket number 1469-2020 in the Court of Common Pleas of Lancaster County. You did not post bail. You were sentenced on February 22, 2023[,] to 11 months, 29 days to 1 year, 11 months, 29 days to be served in the county. You were given back[] time from March 13, 2020[,] to March 14, 2020[,] for a total of one day. **You were given back time from March 15, 2022[,]** to February 22, 2023[,] for a total of 344 days. When you subtract 345 (1+344) days, **there were 1626 days still remaining on your sentence**.

The Prisons and Parole Code[, 61 Pa. C.S. § 6101-6182,] provides that convicted parole violators who are paroled from a state correctional institution and then receive a county sentence of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence. In this case February 22, 2023[,] is your effective date of return because that is when you completed your Lancaster County conviction. Adding **1626** days to that date yields a new maximum date of August 6, 2027.

The Board recommitted you to serve 12 months['] back time for the offense of Simple Assault. When you add 12 months to your availability date of February 22, 2023[,] and then subtract your back time of 345 days, this yields a review date of March 14, 2023 (next available docket).

*Id.* at 100-01 (emphasis added).

This petition for review followed.

4

## II.    Issues

On appeal,[3] Petitioner asserts that the Board erred in its calculation of his recalculated original maximum sentence date.  Specifically, he contends that the Board failed to properly credit time he served due solely to the Board's detainer and did not accurately account for the periods of time during which he was incarcerated and under the Board's jurisdiction between March 13, 2020, and March 14, 2022.  He also asserts that the Board abused its discretion by recommitting him as a convicted parole violator and not awarding him any credit for time at liberty on parole.

## III.    Discussion

Section 9760(1) of the Pennsylvania Sentencing Code provides in relevant part as follows:

**Credit for time served**

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. § 9760(1).

When calculating credit for pre-sentence confinement, several principles apply.  First, when an offender is incarcerated on the Board's detainer[4] and new

---

[3] Review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

[4] The Board's detainer is a mechanism used to ensure that a parolee remains in custody pending the resolution of new criminal charges or other parole violations. It is essentially a hold **(Footnote continued on next page…)**

5

charges, all time spent in confinement must be credited to either his new or original sentence. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *see also Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Time incarcerated shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. *Id.* at 568. When bail is not posted, as here, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id.* Only when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence will credit be applied to the offender's original sentence. *Melhorn v. Pennsylvania Board of Probation and Parole*, 908 A.2d 266 (Pa. 2006); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).

Here, when Petitioner was released on parole on May 29, 2019, his original sentence maximum date was October 20, 2024. This resulted in Petitioner owing 1,971 days of backtime towards his original sentence. He was arrested by the Lampeter Township Police Department on March 13, 2020. The Board filed its warrant to commit and detain Petitioner on March 13, 2020. Petitioner did not post bail. Petitioner remained incarcerated at the county jail on the new charges awaiting trial, until February 22, 2023, when he pled guilty to simple assault and was sentenced by the Court of Common Pleas of Lancaster County to two years minus one day (729 days) of maximum county confinement. He had served that time from March 14, 2020, to March 12, 2022 (time served). Due to Petitioner's failure to post bail, the 729 days he

placed on the parolee to prevent his release from custody until the Parole Board can address the new charges or violations. *Kester v. Pennsylvania Board of Probation and Parole*, 609 A.2d 622 (Pa. Cmwlth. 1992).

spent in custody from March 14, 2020, until March 12, 2022, were credited to his new sentence. *See Gaito*, 412 A.2d at 571 (holding that if a parolee remains incarcerated because "he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence"); *see also Hardy v. Pennsylvania Board of Probation and Parole*, 487 A.2d 99, 100 (Pa. Cmwlth. 1985) (explaining that if a parolee remains incarcerated prior to trial because he failed to satisfy bail requirements on new criminal charges, the time spent in custody should be credited to the new sentence) (citing *Rivera v. Pennsylvania Board of Probation and Parole*, 470 A.2d 1088, 1091 (Pa. Cmwlth. 1984)). Petitioner resumed serving his backtime on February 22, 2023, which was the day Petitioner's custody returned to the Board. Thus, Petitioner did receive credit for his pre-sentence confinement from March 14, 2020, and March 12, 2022, because the sentence credit was applied to his **new** Lancaster County sentence imposed on February 22, 2023.

However, we do find that the Board erred by calculating his backtime credit from March 15, 2022. Petitioner was arrested on March 13, 2020, and bail was set on March 14, 2020.[5] Petitioner was sentenced on February 22, 2023, to a maximum sentence of 2 years minus 1 day, the final day of which was March 12, 2022. On March 13, 2022, Petitioner was no longer serving his sentence for new convictions, so he was only detained on the Board's detainer. As such, the Board should have calculated Petitioner's backtime **from March 13, 2022**, to February 22, 2023, totaling 346 days. Adding the one day of backtime awarded by the Board for Petitioner's incarceration

---

[5] Although the Board credited Petitioner with one day of backtime from March 13, 2020, until March 14, 2020, the one day must be attributed only to March 13, 2020, because that is the day the Board's detainer was lodged against Petitioner. March 14, 2020, could not be credited to Petitioner's backtime because the imposition of bail made Petitioner unavailable to the Board. Therefore, March 14, 2020, must be attributed as the first day of time credit awarded to Petitioner on the sentence imposed on February 22, 2023.

7

on March 13, 2020, pursuant to the Board's detainer, the total backtime to be credited to Petitioner is 347 days. Even though Petitioner was detained only on the Board's detainer on March 13 and March 14, 2022, those two days were neither credited to the new county sentence nor to the original state sentence. If those two days are added to the credit given to Petitioner, then the backtime owed would be reduced two days from 1626 to 1624 (1971 days total backtime owed from his parole on Mary 29, 2019 until his original maximum date of October 20, 2024, minus 347 days of credit). Calculating Petitioner's new maximum date from February 22, 2023, which was when Petitioner's custody was returned to the Board, by adding 1624 days, results in a maximum date of August 4, 2027. Accordingly, we vacate the Board's order and remand for the Board to recompute Petitioner's new original maximum sentence date as August 4, 2027.

In his second issue, Petitioner contends that the Board erred by not giving him credit for time spent at liberty on parole. Section 6138(a)(1) of the Prisons and Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. § 6138(a)(1). If the parolee is recommitted as a convicted parole violator, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole. 61 Pa. C.S. §§ 6138(a)(2), (2.1). The Board has statutory authority pursuant to 61 Pa. C.S. § 6138(a)(2.1) to deny or grant credit for time at liberty on parole.[6]

Here, during his parole, Petitioner was charged and pled guilty to the crime of simple assault for punching his wife in the face and head and holding a box

---

[6] There is an exception where the parolee commits a crime of violence as defined in 42 Pa. C.S. § 9714(g). *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017).

8

cutter knife to her neck. Therefore, the decision of whether to grant credit for time spent at liberty on parole was solely within the Board's discretion. We conclude the Board exercised that discretion properly by choosing not to grant Petitioner any credit for his street time.

## IV. Conclusion

For these reasons, we conclude the Board improperly credited Petitioner's original sentence and recalculated his maximum sentence date. The Board's decision is vacated and the matter is remanded with instructions to the Board to credit Petitioner for March 13, 2022, and March 14, 2022, and recompute Petitioner's maximum original sentence date as August 4, 2027.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juan Alberto Rosario-Martinez,      :
              Petitioner      :
                        :
         v.                :   No. 206 C.D. 2024
                        :
Pennsylvania Parole Board,      :
              Respondent      :

## *PER CURIAM*

## *ORDER*

AND NOW, this 4th day of April, 2025, the January 17, 2024 decision of the Pennsylvania Parole Board is hereby vacated and the matter is remanded to the Board to recompute Petitioner's maximum original sentence date to August 4, 2027.

Jurisdiction relinquished.